## Trimbath v. Penn Mutual Life Insurance Co. (et al., Appellants).

Argued October 8, 1935.

.Before KELLER, P. J., BALD-

RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*James J. Burns, Jr.,* of *Willmann, Burns & Sack,* for appellants.

*Robert L. Wallace,* for appellee.

OPINION BY STADTFELD, J., November 13, 1935:

Appellee, Louise C. Trimbath, while in the employ of Holgar J. Johnson, general agent of the Penn Mutual Life Insurance Company, was injured July 8, 1933. She filed a claim petition against the Penn Mutual Life Insurance Company, Holgar J. Johnson and the Ocean Accident & Guarantee Corp., Ltd. The referee awarded compensation for total disability against Holgar J. Johnson and his insurance carrier, the Ocean Accident & Guarantee Corp., Ltd., and dismissed the petition as to the Penn Mutual Life Insurance Company. The referee was affirmed by the State Workmen's Compensation Board and judgment on the award entered by the Court of Common Pleas of Allegheny County in an opinion by PATTERSON, J. From that judgment this appeal was taken.

Claimant was a woman twenty-three years of age at

the time of the accident. At the time of injury she had worked for Holgar J. Johnson about six months. When her employment began, she weighed one hundred and five pounds. At the time of her injury, her weight was ninety pounds. Originally engaged as a telephone operator with some incidental clerical duty, she later was required to do complete filing, pulling out and pushing in heavy file cabinets three sections high. At times she required the assistance of an office boy. Later, she was required to carry from one floor to another, heavy bags of mail. Her work increased so that at least once each week, she was engaged in over-time work.

On July 8, 1933, as she was lifting a typewriter, weighing about thirty pounds, from the counter to a desk, she felt severe pain in the right region of the back and the right side, a pain which she described as un-precedented in her experience. She went home and to bed, and the severity of the pain increasing, she called a physician on August 11, 1933.

The sole question involved in this appeal is whether appellee's condition is the result of an accident while in the course of her employment.

Our duty, on appeal, is to examine the record to de-termine whether the findings of fact by the referee and the board are supported by legally competent evidence, and, whether on such findings, the law has been prop-erly applied: Smith v. Welsh Bros. 102 Pa. Superior Ct., 54, 156 A. 598; Watkins v. Pittsburgh Coal Co., 278 Pa. 463, 123 A. 461. We cannot weigh the evidence: Bradley v. Pioneer Oil Co., 109 Pa. Superior Ct., 585, 167 A. 660. The findings of the referee and the board have the effect of a verdict by a jury. (Smith v. Welsh Bros., supra); we must review the evidence and the inferences therefrom in a light most favorable to the claimant.

The referee found, inter alia, "That as a direct result

of lifting said typewriter, claimant was totally disabled and unable to perform her regular and usual work from September 23, 1933 continuously up to the present time, and said total disability will continue for a period indeterminable at present."

Claimant testified in part as follows: "Q. You say you were injured on July 8th, 1933. Will you tell us just how you were injured? A. A typewriter, my typewriter, was left on the counter in the office, about six feet, I judge from my desk. Q. Just tell us what you did? A. I lifted the typewriter, carried it over to my desk and set it down in a place provided for it. Q. What happened? A. Immediately I felt a very severe pain in the region of my back and my back, right side. The pain was very severe." By the Referee: "Q. You mean the right side of the back, don't you? A. That's right. ...... I had also developed a pain between the shoulders from the time of the accident. ...... After lifting and carrying the typewriter my back was in such shape that I couldn't lift anything heavy after that."

Dr. George R. Winters, a practitioner of long experience, called on behalf of claimant, testified that she called on him on August 11, 1933 and gave him a history of her employment, and the character of her work, and he made an examination of claimant; he found a detached or movable kidney having an excursion of a distance nearly equal to its own length; that this kidney condition would render her unable to do the character of work that she described to him that she was required to do; that lifting or strain of any kind would cause such a condition; that lifting a typewriter would cause it; that in his opinion the lifting of the typewriter was the precipitating cause of the disability she suffered and the pain she suffered following that; that if an individual is emaciated from sickness or from any other causes, starvation, etc., a slight strain will cause the

kidney to be dislocated to a greater or less extent, and every strain thereafter may exaggerate the range of movement possible.

There was countervailing testimony to the effect that claimant's condition was not the result of an accident, but the natural development of a prior condition, and therefore not compensable. The referee and the board, however, saw fit to accept claimant's testimony and that of her physician, Dr. George R. Winters. This, if believed, is sufficient to sustain the findings and the award, and judgment based thereon. It is not within the province of the lower court, or of this court on appeal, under the circumstances, to disturb them: Miller v. Textor Transfer Co., 112 Pa. Superior Ct., 528, 172 A. 315.

For a full discussion of injuries as a result of accident, see McFadden v. Lehigh Navigation Coal Co., 111 Pa. Superior Ct., 501, 170 A. 314; also Murray v. Brown, 107 Pa. Superior Ct., 516, 164 A. 138.

The assignments of error are overruled and judgment affirmed.