325 U.S. 535 (1945)
ALABAMA ET AL.
v.
UNITED STATES ET AL.
No. 574.
Supreme Court of United States.
Argued April 24, 1945.
Decided June 11, 1945.
APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF KENTUCKY.[*]
*536 Forman Smith, Assistant Attorney General of Alabama, with whom William N. McQueen, Acting Attorney General, was on the brief, for the State of Alabama and the Alabama Public Service Commission; Mr. J.E. Marks, with whom Eldon S. Dummit, Attorney General of Kentucky, and M.B. Holifield, Assistant Attorney General, were on the brief, for the Commonwealth of Kentucky and the Railroad Commission of Kentucky; and Mr. Leon Jourolmon, Jr. for the State of Tennessee and the Railroad and Public Utilities Commission of Tennessee, appellants in No. 574.
Mr. Allen Crenshaw, with whom Messrs. Daniel W. Knowlton and J. Stanley Payne were on the brief, for the Interstate Commerce Commission, appellee. Mr. David F. Cavers, with whom Messrs. Richard H. Field and Malcolm D. Miller were on the brief, for the Economic Stabilization Director and the Price Administrator, appellees in No. 574 and appellants in No. 592. Mr. Charles Clark, with whom Messrs. W.L. Grubbs, H.L. Walker and F.W. Gwathmey were on the brief, for the Alabama Great Southern Railroad Co. et al., appellees in No. 574.
MR. JUSTICE BLACK delivered the opinion of the Court.
The States of Alabama, Tennessee and Kentucky filed a bill in a federal district court seeking to set aside and enjoin enforcement of an order of the Interstate Commerce Commission. The Federal Economic Stabilization Director, acting through the Price Administrator, was granted the right to intervene. The Commission's order directed that intrastate railroad rates in Alabama, Kentucky, Tennessee and North Carolina, be raised to the level of interstate rates fixed by the Commission.[1] The *537 District Court declined to enjoin enforcement of the order, 56 F. Supp. 478, and the case is here on direct appeal under § 210 of the Judicial Code.
The issues here are substantially the same as in North Carolina v. United States, ante, p. 507, which involved the same order of the Commission as it applied to rates in the State of North Carolina. The Commission relied basically on the 1936 rate order, to which we referred in our opinion in the North Carolina case. Here also the Commissions of the three States had held hearings and determined that the intrastate rates were adequate in every respect to give the particular railroads involved a sufficient income to compensate them fully for their services and to enable the railroads adequately and efficiently to operate in the State. There was evidence before each of the state Commissions, as there was before the Interstate Commerce Commission, that the railroads were enjoying an unprecedented prosperity and reaping a tremendous harvest of profits from their railroad operations in the State. There was evidence from which the Interstate Commerce Commission could have found that the intrastate passenger rates involved were sufficient to pay each railroad a substantial profit for each mile it carried an intrastate passenger. The findings here possess the same infirmities as those in the North Carolina case. It follows that our judgment must be the same.
Because the order of the Commission was not based on adequate findings supported by evidence, the District Court should have declined to enforce the Commission's order. The judgment of the District Court is therefore
Reversed.
The CHIEF JUSTICE, MR. JUSTICE ROBERTS, MR. JUSTICE REED, and MR. JUSTICE FRANKFURTER dissent for the reasons stated in the dissent in North Carolina v. United States, ante, p. 520.
NOTES
[*] Together with No. 592, Davis, Economic Stabilization Director, by Bowles, Price Administrator, v. United States et al., also on appeal from the District Court of the United States for the Western District of Kentucky.
[1] 258 I.C.C. 133. The state 1.65 cents per mile passenger coach rate was directed to be raised to 2.2 cents per mile. Round trip coach rates were ordered proportionately raised. Sleeping and parlor car intrastate fares in some of the States were also directed to be increased.