TIDWELL *v*. F. W. WOOLWORTH Co. *et al.*

(*Nashville*, December Term, 1946.)

Opinion filed June 26, 1947.

FRANK G. CLEMENT, of Nashville, ROBERT S. CLEMENT and FRANK S. HALL, both of Dickson, for plaintiff in error.

ROBERTS & ROBERTS, of Nashville, for defendants in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This suit was brought in the circuit court of Davidson County by petitioner against her former employer, F. W. Woolworth Company, and its insurer and codefendant, Travelers Insurance Company, seeking an award under the Workmen's Compensation Act, Code 1932, Sec. 6851 et seq. The bill of petitioner was dismissed in the lower court. The only question presented here is whether the finding or action of the trial judge is supported by any material evidence. Petitioner sought a recovery for permanent disability alleged to have been caused by "tripping and falling backwards across a tray of dishes while she was waiting on customers" at the store of defendant F. W. Woolworth Company, on Fifth Avenue in Nashville. The permanent disability claimed is a dislocated kidney.

Defendants filed a joint answer in which they denied that petitioner is totally and permanently disabled by reason of any accidental injury sustained by her in the course and scope of her employment, and they further denied that any disability which she may now be suffering proximately resulted from an accidental injury arising out of her employment by defendant Woolworth Company.

Petitioner, a lady forty-five years old, living in Hickman County, had been working as a waitress at a lunch counter at the Woolworth Store on Fifth Avenue for about six months prior to October 13, 1945, the day on which she claims to have been hurt. About 5 or 5:30 in the afternoon petitioner was behind the lunch counter,

which is located near the front of the store, facing it. There was a tray containing dishes, which was two or three feet long, and about a foot or a foot and a half wide, and a foot or a foot and a half high, in the aisle behind petitioner, and as she started to turn around she slipped and fell back across it.

Dr. J. C. Pennington, of Nashville, testified that he examined petitioner in November after she had fallen in October and found "that both kidneys were dislocated and the right one more so than the left." He further testified that it was possible for the fall to have caused the injury to the right side; that he had no way of saying that it did or did not cause the injury but that it was possible.

Dr. W. S. Ballard, of Nashville, testified that he examined petitioner on the afternoon she fell and at that time found she had "a mild bruise on the lateral surface of the lower chest," and "had a bruise to the outer surface of the right hip, just below that, a small bruised area, about like that (indicating), and that is all. She had some little discomfort in her ankle but other than that, that was all." He further testified that petitioner came back to his office and was re-examined by him on October 15 and 17; that she did not get struck in the back; that his opinion was that the fall would not dislocate the kidney. This witness also testified that floating or dislocated kidneys "is a common thing"; that it was in his opinion that this ptosis "condition was present before any possible accident."

Dr. Owsley Manier, of Nashville, testified that he examined petitioner on December 22, 1945, and that he did not "see how any fall of that kind could in any sense dislocate your left kidney"; that "there is more tendency for the dislocation or ptosis of the right kidney than

there is for the left.'' In answer to a question asked by counsel for defendants, this witness replied: ''Well, I would be certain that no blow over on the right side of the body, that that can't dislocate the left kidney. I will answer that very frankly.''

Petitioner introduced a number of witnesses who testified that she had bruises on her body and that she had suffered a great deal since the accident.

Dr. L. C. Jackson, of Dickson, testified that he examined petitioner on November 2, 1945, and that he found definite evidence of a recent injury to one or both kidneys due to the finding of blood, and that it would be reasonable and logical to attribute that condition to the fall.

We have repeatedly held that a finding of fact by the trial judge is not open to review in this Court when there is any material evidence to sustain it. *Hedges-Walsh-Weidner Co.* v. *Haley*, 165 Tenn. 486, 55 S. W. (2d) 775; *Tipton* v. *North American Rayon Corp.*, 181 Tenn. 434, 181 S. W. (2d) 619. Compensation cases are not tried *de novo* in this Court. In the case before us there is an abundance of competent evidence showing that the condition of petitioner's kidney was not caused by the fall.

The judgment of the lower court is affirmed.

All concur.