## McKnelly v. Gaddis et al.

February 8, 1949.

Rehearing denied March 25, 1949.

Wilson & Wilson for appellant.

John F. Wood and H. Randolph Kramer for appellees.

OPINION OF THE COURT BY JUDGE HELM—Affirming.

This is an appeal from a judgment of the Daviess circuit court affirming an award of the Workmen's Compensation Board. The question here is: Was the judgment of the lower court supported by any substantial evidence?

Appellee, Charles M. Gaddis, 53 years of age, had worked for appellant, Squirt Beverage Company, as a laborer for some three years in its mixing and bottling plant. On or about August 15, 1946, he was carrying a 100-pound bag of sugar on his right hip up the stairs from the bottom floor to the mixing room. The steps were a little low; he would have to stoop over and could handle the sugar better on his hip than by carrying it on his shoulder; the steps were "practically straight up, like a ladder at the side of the building." Appellee stated that "I was a drink mixer and bottler and our sugar was stacked down stairs in 100-pound bags and I walked up to the sack of sugar and rolled it on my right hip and started up the steps with it and right at the second step of the top I felt a severe pain in my side and I dropped the sugar about halfway between the step landing and the mixing room door, and I stood there a few minutes and started to reach down and pick up my bag of sugar and the pain was so severe I couldn't and I straightened up and called the boy down stairs. * * * I threw the sugar down when the pain hit me."

Appellee's employer, McKnelly, was out of town. Appellee reported the accident to him shortly after he returned. Gaddis first went to Dr. Tyler and at Dr. Tyler's suggestion he went to Dr. Irvin Bensman, a reputable

urologist of Owensboro, who made a physical examination and four X-rays of appellee and prescribed for him. He found that Gaddis had ptosis of the right kidney, or a floating or lose kidney. He did not find any other ailment or injury. He advised him to have a belt fitted with a special pad to keep the kidney in position.

Gaddis states that he had worked regularly before this injury; that he might have lost a day every year or so, but that he had not had any sickness of any kind; that he had not had any trouble with his kidneys, "nothing to go to a doctor about"; that he had not had any trouble with his back that had stopped him from work until this time. He appeared to be "an able-bodied man." Gaddis was not working at the time of the hearing before the board on July 11, 1947. He had not done any work anywhere since August 15, 1946, the date of his injury. He says "If I walk a block I am done and I sit down."

Dr. Bensman testified that appellee's condition could have been brought about by carrying a 100-pound bag of sugar up the stairs. He concluded from his examinations, and the history and statement given him by appellee, that he was totally and permanently disabled from performing manual labor. He stated that it is possible that surgery might improve his condition, but that would depend on whether or not the kidney stayed in place after the operation. Dr. Bensman testified that ptosis of the kidney might result from injury; that he had known of such a case in West Virginia.

Dr. Bowen, testifying for the appellant, stated that ptosis of the kidney is very rarely, if ever, caused by an accident. Dr. James R. Stites, urologist of Louisville, testifying for appellant, stated that "Ptosis of the kidney is a very gradual thing, and it is probably congenital." He did not examine the X-rays of Gaddis. Dr. Townsend, urologist, testifying for appellant, stated that the most common cause of ptosis of the kidney is a congenital weakness of the supporting ligaments of the kidney; that "you are born with a predisposition to it."

At the hearing before the board, it was stipulated that the only questions to be tried were: Did the plaintiff receive an injury arising out of the course of his employment; did the employer have due and timely notice

of the accident, and the extent and duration of injury, if any? The appellant, in its brief, waives the question of notice.

On the basis of the evidence, the board found that "while the plaintiff was carrying the 100-pound bag of sugar up those steep stairs on his hip * * * he received an accidental injury * * * from which he was totally and permanently disabled." The board awarded him "$18 per week during his total disability * * * not to exceed 10 years, or * * * $9000."

The appellant contends that there was not any substantial evidence to show that the appellee sustained a traumatic injury causing ptosis of the kidney, or that he is totally and permanently disabled.

This is an unusual case. We have not been cited to any compensation cases in Kentucky involving ptosis of the kidney. Appellant cites the case of Tidwell v. F. W. Woolworth Co. et al., 185 Tenn. 110, 203 S.W.2d 375, a Tennessee case. There, a woman, 45 years of age, with a floating or dislocated kidney, was denied compensation. The Supreme Court of Tennessee affirmed the judgment, saying that a finding of fact by the trial judge is not open to review in this court when there is any material evidence to sustain it. Appellee calls attention to 5 Schneider's Workmen's Compensation Text, section 1403. That section cites Trimbath v. Penn Mutual Life Insurance Company, 119 Pa. Super. 371, 181 A. 383. There, a woman 23 years of age, weighing 90 pounds, lifted a typewriter weighing about 30 pounds from a counter to a desk. She felt severe pain in the right region of her back and the right side, a pain which she described as unprecedented in her experience. Dr. Winters, a practitioner of long experience, testified that he examined the claimant; found a detached or movable kidney; that this kidney condition would render her unable to do the character of work that she had been doing; that lifting or strain would cause such a condition, and that in his opinion the lifting of the typewriter was the precipitating cause of the disability she suffered. There was countervaling testimony to the effect that claimant's condition was not the result of an accident. There, the referee and the board accepted claimant's testimony and that of her physician. The appellate court held that, un-

der the circumstances, it was not within the province of that court on appeal to disturb the findings of the board.

In Wood-Mosaic Company et al. v. Shumate, 305 Ky. 368, 204 S.W.2d 331, 333, we said:

"Having conceived the idea that a worker's disability may be part injury and part disease, we have often held that compensation for that type of disability must be apportioned between the disease and the injury so as to award to the worker compensation for his injury, yet so as to exclude any award for his disease disability. Broughton's Adm'r v. Congleton Lumber Co., 235 Ky. 534, 31 S.W.2d 903.

"However, in the case of Highland Co., Inc. v. Goben, 295 Ky. 803, 175 S.W.2d 124, we adopted and enunciated the additional principle that a disability emanating from a combination of both pre-existing disease and traumatic injury need not produce the result of excluding compensation for the disease disability *unless there was some probative evidence that the disease itself had manifested its active, disabling effects to some extent prior to the time of the traumatic injury.*"

We have held in a long line of cases that findings of the Workmen's Compensation Board, supported by competent, probative, substantial evidence, are conclusive and will not be disturbed on appeal. See 19 Kentucky Digest, Workmen's Compensation, key 1939.

We have read carefully the record in this case. On appeal we are confined to an examination of whether or not there is any substantial evidence to support the board's findings of fact, and are not at liberty to weigh the evidence produced. It is apparent that we have some evidence of probative value to sustain the award of the board. The board's decision was upheld by the circuit court.

The judgment of the lower court upholding the decision of the board is affirmed.