## RYMER et al. v. GARNETT.

Court of Appeals of Kentucky.

Dec. 14, 1951.

David C. Walls, U. S. Dist. Atty., Charles F. Wood, Asst. U. S. Dist. Atty., Louisville, Neil Brooks, Washington, D. C., for appellant.

Richard L. Garnett, Glasgow, for appellee.

SIMS, Justice.

Appellee, Richard L. Garnett, is the owner of ten tracts of land in Barren County aggregating some 279 acres. The County Committee allotted him 5.8 acres for the

growing of Burley tobacco in 1950. In due time he appealed to the Review Committee and insisted that his allotment should not be less than one acre for each of his ten tracts, or an aggregate of ten acres. The only evidence appellee introduced before the Review Committee was his affidavit. The Committee found that appellee's farm originally contained ten separate tracts, but it is operated as one farm, and it allotted him 5.8 acres for the growing of Burley tobacco in 1950.

Appellee filed in the Barren Circuit Court his petition in equity against the three members of the Review Committee wherein he asked the chancellor to direct that Committee to allot him ten acres for the growing of Burley tobacco in 1950 and all the years following. The chancellor granted the prayer of the petition, and the members of the Committee insist that the finding of the Committee being one of fact, supported by substantial evidence, is binding on the courts. It is the contention of appellee that the evidence shows he has ten farms and is entitled to an allotment of one acre on each of them.

As we see it, the issue in this case is whether appellee is operating one farm consisting of ten tracts or is operating ten separate farms.

Contained in the Agricultural Adjustment Act of 1938, as amended, Title 7 U.S.C.A. §§ 1281–1407, is an orderly system for the growing and marketing of tobacco. Section 1363 provides if a farmer is dissatisfied with his marketing quota, he may go before a Review Committee; and an appeal from the Review Committee may be taken by filing a bill in equity in a circuit court of this State, § 1365; but the findings of fact by the Review Committee, if supported by evidence, are binding upon the courts, § 1366. We are confronted with no question of procedure, as the requirements of the federal statute were met in every step taken by appellee.

■ For the purpose of clarifying the Agricultural Adjustment Act and to assist the small grower of Burley tobacco, the 78th Congress passed Public Law No. 276, approved March 31, 1944, 7 U.S.C.A § 1313 note, which provides that the quota for " * * * any farm having a burley acreage allotment in 1943 shall not be less than one acre, or 25 per centum of the cropland, whichever is the smaller, * * * ". It is under this Act that appellee claims he is entitled to an allotment of not less than one acre on each of his ten tracts. To be able to take advantage of Public Law No. 276, appellee had the burden of proving to the Review Committee that his ten tracts had not been consolidated into one farm before the Act was approved on March 31, 1944. 7 C.F.R. § 711.25(e); Lee v. DeBerry, 219 S.C. 382, 65 S.E.2d 775. This burden appellee failed to meet. His affidavit is silent as to the time the ten tracts were consolidated into one farm. The substance of his affidavit is that he owns ten farms upon which Burley tobacco has been grown for ten years, and that he is entitled to an allotment of not less than one acre for each farm, or a total of 10 acres.

■ In his oral argument, appellee insisted that he did not prove the consolidation of these tracts into one farm because there has never been a consolidation of them. But we find in the record appellee accepted an allotment of 9.4 acres in 1945; 8.5 acres in 1946; 6.8 acres in 1947; and 6.7 acres in 1948. Therefore, he is now in no position to insist that his ten tracts have never been consolidated into one farm. The various allotments which he accepted were not made separately to the several tracts, but were made to the ten tracts as one farm, and evidently convinced the Review Committee that he was operating these lands as one farm and that his allotment of 5.8 given by the County Committee was correct. The Review Committee's finding of fact is supported by substantial evidence and is binding on the courts, who may not substitute their judgment for that of the Committee. Lee v. DeBerry, 219 S.C. 382, 65 S.E.2d 775.

The judgment is reversed with direction that one be entered upholding the finding of the Review Committee that appellee's Burley tobacco acreage for 1950 was 5.8 acres.

LATIMER, J., dissents.