V. E. BARNES, Commissioner of the Department of Economic Security, Division of Public Assistance, Commonwealth of Kentucky, Appellant,

v.

Talbert TURNER, Appellee.

Court of Appeals of Kentucky.

June 3, 1955.

Paul E. Tierney, Chistopher C. Frishe, Samuel H. Cole, Frankfort, for appellant.

O. J. Cockrell, Jackson, for appellee.

CULLEN, Commissioner.

The Commissioner of Economic Security of Kentucky has moved for an appeal from a judgment of the Breathitt Circuit Court, which directed the reinstatement of grants of state aid for the children of one Talbert Turner, under the statutes providing for aid to needy children. The Department of Economic Security had discontinued previous grants of aid, on the ground that the children did not meet the statutory conditions of eligibility for aid. The case was reviewed by an appeal board, under KRS 205.230(1, 2), which affirmed the ruling of the department, and Turner then appealed to the circuit court under KRS 205.230(3, 4).

It is suggested that the motion for an appeal here should be dismissed, because the statute, KRS 205.230, provides only for an appeal to the circuit court, and makes no provision for an appeal to the Court of Appeals. This suggestion is not meritorious, because under KRS 21.060 appeals may be taken to the Court of Appeals as a matter of right from all judgments of circuit courts in civil cases (subject to certain exceptions not here applicable), unless there is a specific statutory prohibition against such an appeal.

The only question in issue is whether the children of Turner meet the definition of "needy" children set forth in KRS 205.010 (5), which is as follows:

> " 'Needy child' means a child under the age of eighteen who has been deprived of parental support by reason of the death, absence or incapacity of a parent, and who is unable to provide for himself and who does not otherwise have provided for him a subsistence compatible with decency and health".

The question turns on the construction of the word "incapacity".

The Department of Economic Security, by regulation, has interpreted "incapacity" as meaning inability to engage in any type of employment, without regard to previous training or past work experience. In substance, the department has construed the statute as requiring total incapacity to be gainfully employed.

Medical examinations disclosed that Turner, age 44, is suffering from anxiety state, tachycardia, and chronic sinusitis. One doctor reported it was possible that Turner has a true cardiac disease, "but sounds more like paroxysmal attacks of tachycardia and possibly chronic sinus or allergic condition." He has not worked since 1946. The doctors agreed that Turner should not engage in strenuous activities such as running, jumping or climbing, and that he should be limited in the performance of certain other types of physical activities. However, no restrictions were suggested on his engaging in any of a fairly broad list of other activities.

A reasonable interpretation of the medical reports is that there is a range of physical activities, in which Turner can engage, that would make him employable in some types of work, although not in the kind of work in which he formerly was employed. Thus the ruling of the department denying aid to the Turner children would seem to be proper if the department's interpretation of the word "incapacity" is correct.

We think that the word should be interpreted in accordance with the general spirit and purpose of the statute, which is to provide a minimum subsistence for children who have been "deprived of parental support". The statute is a specialized one, designed to meet a particular kind of need for public assistance. General conditions of unemployment do not furnish a basis for aid; the test is employability, not the availability of employment. We think the statute contemplates that the parent must assume the burden of supporting his children if he is physically capable of so doing through any kind of legitimate endeavor, and that he may not pass the burden to the state merely because there are some limitations upon his ability to compete freely in the labor market.

It is our opinion that the ruling of the department was supported by the evidence, and was not arbitrary or unreasonable. This brings us to a question of the extent to which such rulings are subject to judicial review. Although the record is not clear on this point, it appears from recitations in the judgment that the circuit court considered evidence in addition to that heard by the department and the appeal board. The department contends that the court had no power to consider additional evidence.

The statute providing for an appeal to the circuit court, KRS 205.230(3, 4), states that an aggrieved party may secure "judicial review" by filing a petition in the circuit court. The original record, including a transcript of testimony, then is certified to the court. We are of the opinion that when a statute dealing with judicial review of the decisions of an administrative agency provides for the original record to be certified to the court, and makes no provision for a trial de novo, it must be assumed that the legislature intended that the case be heard upon the original record, and that the court be limited to a consideration of whether there was probative evidence to support the decision, and whether the agency acted arbitrarily, capriciously or unlawfully, or in such a manner as to constitute an abuse of discretion. Accordingly, it is our opinion that the circuit court had no right under KRS 205.230(3, 4), to hear additional evidence on the merits.

The motion for an appeal is sustained and the judgment is reversed with directions to enter judgment sustaining the decision of the Department of Economic Security and the appeal board.