**BROWN HOTEL COMPANY, Appellant,**

v.

**Alberta B. EDWARDS et al., Appellees.**

Court of Appeals of Kentucky.

March 23, 1962.

Rehearing Denied March 22, 1963.

S. L. Greenebaum, Charles F. Wood, Greenebaum, Barnett, Wood & Doll and Thomas C. Carroll, Louisville, for appellant.

Christopher C. Frishe, Paul E. Tierney, Legal Section, Dept. of Economic Security, Div. of Unemployment Ins., Frankfort, for appellees.

MONTGOMERY, Judge.

This is one of seven cases considered together on motions for appeal by the Brown Hotel Company and its affiliate, Broadway and Fourth Avenue Realty Company, from judgments confirming awards of the Kentucky Unemployment Insurance Commission to their former employees. The judgments range from $200 to $728. In each case the claimant has been paid the benefits claimed. These cases are for the purpose of determining whether the employer's reserve account or the Commission pooled account shall be charged with the benefits so paid. The cases present questions of interpretation and application of KRS Chapter 341, Unemployment Compensation. The cases have several procedural questions in common.

The procedure for determining the validity of claims for unemployment compensation is prescribed by statute. KRS 341.420 provides for the appointment of "impartial referees" to hear and decide appealed claims. A review of the referee's decision by the Commission is provided. KRS 341.430. The Commission is authorized by statute to make regulations to provide for the conduct of hearings in a summary manner and for the presentation of appeals. KRS 341.115(3) and 341.440. A method of judicial review is provided. KRS 341.450 et seq.

In the hearing before the referee, counsel for appellant presented an affidavit of a witness absent from the state. Counsel moved for permission to take the witness' deposition if the affidavit was not accepted as the testimony of the witness with the full force and effect as if the witness had been present. The motion was overruled by the referee, and appellant complains, insisting that the regulations adopted by the Commission do not provide for the taking of depositions.

The pertinent regulation adopted is Regulation 17, Section 3D, which provides·

"All hearings shall be conducted informally without regard to common law, statutory or technical rules of procedure and in such a manner as to determine the substantial rights of the parties. The parties and their witnesses shall testify under oath or affirmation. All issues relevant to the claim shall be considered and passed upon."

■ Appellant insists that the Kentucky Rules of Civil Procedure should govern the proceedings before the referee and Commission. KRS 447.151 provides that the Civil Rules apply "in all civil proceedings in all courts of the state." Thus, there is no difficulty in holding that the Civil Rules apply to the proceedings for judicial review under KRS 341.450 et seq., since this review originates in the circuit court. It is equally clear that the Civil Rules do not apply to the proceedings before the referee or Commission since neither is a "court." Without question, the Commission, by regulation under its cited statutory authority, could adopt and make the Civil Rules applicable, but this has not been done.

■ No question is presented as to any constitutional or further statutory limitations on such procedures. Complaint is made in appellant's brief that the referee who conducted the hearing on the claim assisted the claimant in the development of the claim. It is recognized that usually the claimant in this type of case is not represented by legal counsel. The nature of the claim and frequently the amount may not seem to justify employment of an attorney. In such cases it may be necessary .

for the referee to question the claimant in order to elicit the information relative to the eligibility of the claimant for benefits. In so doing the referee should abide by the statutory obligation to remain "impartial." The failure of the referee to remain "impartial," upon timely and proper objection, which was absent here, might well constitute prejudicial error. As to the duty of one sitting in judgment of the rights of adverse parties to remain impartial, see Collins v. Sparks, Ky., 310 S.W.2d 45.

■ To return to the referee's ruling on the motion to take the deposition, no prejudicial error is found since the decision shows that the content of the affidavit was considered in making the decision. For the same reason, the objection to the decision of the Commission is not meritorious. The procedure before the referee and Commission illustrates the need for a uniform code of administrative procedures with trained and truly impartial referees or examiners who are independent of the various administrative bodies for which hearings are conducted.

Appellant insists that the claimant is required to bear the burden of proof to establish the statutory requirements for benefit eligibility. It is urged that the referee and Commission have not required the claimant to meet this burden. At the hearing before the referee in each of the seven cases considered, the testimony of the employer was introduced first and was usually followed by the testimony in behalf of the claimant. This is the reverse of the usual procedure and is contrary to the usual rules concerning the orderly introduction of evidence in the burden of proof. The unorthodox procedure has contributed materially to the difficulty of decision in these cases. No objection was made to the order of introduction of the testimony.

The general rule as to claims before an administrative body under a statute is stated in Annotation, 14 A.L.R.2d 1311, as follows:

"As in ordinary court proceedings, it is held generally that the burden is on the claimant to show that he has met all of the eligibility requirements contained in the particular statute."

■ No reason is perceived why this basic rule governing burden of proof should not apply here. The claimant seeking to establish eligibility for benefits under KRS 341.350 must bear the burden of proof in order to recover on the claim. The employer trying to show a disqualification under KRS 341.370 must bear the burden to defeat recovery of the claim. Broadway v. Bolar, 33 Ala.App. 57, 29 So.2d 687; Unemployment Compensation Commission v. Tomko, 192 Va. 463, 65 S.E.2d 524, 25 A.L.R.2d 1071; Haynes v. Unemployment Compensation Commission, 353 Mo. 540, 183 S.W.2d 77; Howells v. Review Board of Indiana Employment Security Division, 122 Ind.App. 14, 102 N.E.2d 382. To the same effect, see Rymer v. Garnett, Ky., 244 S.W.2d 439. The claimant to establish eligibility should introduce testimony first at the hearing and has the burden of proof in this respect. The testimony of the employer to defeat the claim of eligibility or to show a disqualification should then follow with the burden of proof on the employer to show disqualification. Appellant has failed to demonstrate, however, that the claimant failed to meet the burden of proof as to eligibility or that the appellant sustained the burden of proof of disqualification.

Alberta B. Edwards, a young colored maid at the Brown Hotel in Louisville, was discovered by her immediate supervisor allegedly engaged in improper conduct with a white male guest. She was promptly discharged. Alberta contended that she was discharged wrongfully because she was not willingly engaging in the activities but, on the contrary, she was resisting the unwanted advances of the unknown surprise guest. It was the rule of appellant's that employees were forbidden to fraternize with guests or nonemployees while working. An issue of fact was thus created as to the willingness or unwillingness of Alberta, with

the referee and Commission resolving the issue in her favor.

■ ■ The evidence consisted of Alberta's oral testimony before the referee and the affidavit of the former supervisor which has already been mentioned. Although the former supervisor was no longer an employee of appellant's and thus presumably in the category of a disinterested witness, the referee and Commission accepted the testimony of Alberta, an interested claimant, with a comment by the Commission that it was "the most competent and probative evidence." While this conclusion is debatable, the testimony of Alberta does constitute substantial evidence of probative value sufficient to sustain the decision of the referee and Commission. When the facts are in dispute and the findings of fact by an administrative board are supported by substantial evidence, and the board has applied the correct rule of law to the facts so found, its final order must be affirmed. State of Alabama v. United States, D.C., 56 F.Supp. 478, reversed 325 U.S. 535, 65 S.Ct. 1274, 89 L.Ed. 1779.

■ Appellant argues that in reviewing the Commission's award the circuit court without statutory authority applied the rule governing circuit court review of Workmen's Compensation awards. The procedure on appeal under KRS Chapter 341, Unemployment Compensation, is similar to the procedure on appeal set forth in KRS Chapter 205, Public Assistance. The rule stated in the Alabama case has been followed in the appeal procedure under KRS Chapter 205. Barnes v. Hembree, Ky., 339 S.W.2d 162; Barnes v. Neal, Ky., 287 S.W. 2d 419; Barnes v. Turner, Ky., 280 S.W.2d 185. This is in accord with the general rule. Southeastern Greyhound Lines v. Pendleton, 309 Ky. 372, 217 S.W.2d 962; McKnelly v. Gaddis, 309 Ky. 698, 218 S.W.2d 1; H. Smith Coal Company v. Marshall, Ky., 243 S.W.2d 40; Middlekamp v. Willis, Ky., 267 S.W.2d 924. While KRS 341.450 provides that the judicial review shall be heard in a summary manner, it does not change the general rule governing judicial review of administrative action.

The judgment of the circuit court affirmed the Commission's decision in favor of the claimant. The benefits paid the claimant were properly charged to appellant's reserve account. The motion for an appeal is sustained and an opinion delivered because of the importance of the questions presented.

Judgment affirmed.