**BROWN HOTEL COMPANY, Appellant,**

v.

**Edna A. NAPIER et al., Appellees.**

Court of Appeals of Kentucky.

March 23, 1962.

Rehearing Denied March 22, 1963.

---

S. L. Greenebaum, Charles F. Wood, Greenebaum, Barnett, Wood & Doll and Thomas C. Carroll, Louisville, for appellant.

Christopher C. Frishe, Paul E. Tierney, Legal Section, Dept. of Economic Security, Div. of Unemployment Ins., Frankfort, for appellees.

MONTGOMERY, Judge.

This is a companion case to Brown Hotel Company v. Edwards, Ky., 365 S.W.2d 299 (this day decided). It involves the liability of appellant for an award to Edna A. Napier made by the Kentucky Unemployment Insurance Commission and approved by judgment of the circuit court.

Edna A. Napier was employed as a waitress at the Kentucky Hotel operated by the appellant, Brown Hotel Company, from May 15, 1954, until her employment was terminated on February 22, 1955. She was absent from work on December 13, 19, 24, 26, 28, 29, 30, and 31, 1954, January 2 through 21, 1955, and February 17, 18, 20, 21, and 22, 1955, for a total of thirty-three days. She testified that illness due to "a cyst on my ovaries" caused her absence. At the time of the hearing, June 30, 1955, she was five and one-half months' pregnant.

■ Edna made contradictory statements *as to whether she was able to do the work* as a waitress. She testified that her doctor had advised her that "the work was too hard for me" and "not to go back to work," but insisted that she had no intention of quitting and "would accept the job if they would put me back." At the hearing she was asked, "* * * are you able to work now?" to which she replied, "* * * they have sent me out on two or three jobs— they won't accept me."

The pertinent statute, KRS 341.350, provides in part:

"An unemployed worker shall, * * be eligible for benefits with respect to any week of unemployment only if:

* * * * * *

"(3) He is physically and mentally able to work;

"(4) He is available for suitable work."

It should be noted that an amendment, KRS 341.350(7), enacted later provides for strict construction of this statute and of KRS 341.370 concerning disqualifications. This indicates the legislative intent. See Broadway & Fourth Avenue Realty Company v. Allen, Ky., 365 S.W.2d 302 (decided this day).

■ The physical condition of the claimant as shown by her continued absences from work, her doctor's statement, and her rejections by prospective employers was such that she did not meet the eligibility requirements of being "physically and mentally able to work" or "available for suitable work." In this respect, she failed to sustain the burden of proof of eligibility. Brown Hotel Company v. Edwards, Ky., 365 S.W.2d 299 (decided this date). The evidence for the claimant is insufficient to sustain the award made. It is unnecessary to consider the question of claimed industrial misconduct.

The motion for an appeal is sustained and the judgment is reversed.

BIRD, J., dissents.