**Earl V. POWELL, Commissioner, Department
of Economic Security, Appellant,**

**v.**

**Beatrice CUPP, Appellee.**

Court of Appeals of Kentucky.

Feb. 7, 1964.

Paul E. Tierney, Forest Smith, Dept. of Economic Security, Frankfort, for appellant.

John J. Tribell, Middlesboro, for appellee.

WADDILL, Commissioner.

The appeal is from a judgment of the Bell Circuit Court declaring that appellee is eligible to receive grants of aid for her children under KRS, Chapter 205. The Department of Economic Security had discontinued previous grants of aid and had rejected appellee's reapplication for assistance on July 18, 1960 on the ground that "incapacity to perform gainful employment had not been established for her husband, Leland Cupp." This decision was upheld by the appeal board following a review provided by KRS 205.230(1, 2). However the Bell Circuit Court reversed the decision, and the Commissioner of Economic Security has taken an appeal to this Court.

The question presented for review is whether the Department and the appeal board erred in determining that Leland Cupp, the breadwinning parent, did not have a physical or mental impairment which prevented him from engaging in any useful or gainful occupation. KRS 205.010(5).

At the time of the hearing by the Department, Leland Cupp was 34 years of age, his right leg had been amputated below the knee and he was having some difficulty in using the prosthesis which had been furnished to him by the Department. Medical examinations disclosed that Cupp had developed a duodenal ulcer which was causing nausea and vomiting at certain times. It was also shown that Cupp has subsequently been gainfully employed to perform manual labor. Certain medical reports would justify a finding that Cupp was limited in the kind of employment he could engage in, yet his subsequent employment record shows that his physical impairments do not prevent him from performing some kinds of work. Under similar circumstances we have held that the Department was jus-

tified in concluding that the statutory requirement of incapacity had not been established. Barnes v. Turner, Ky., 280 S.W. 2d 185; Barnes v. Noble, Ky., 280 S.W.2d 188; Barnes v. Riley, Ky., 280 S.W.2d 188.

Since the finding that Cupp was not incapacitated is warranted by the record, the circuit court should have upheld the appeal board's disposition of the case.

The judgment is reversed with directions to enter a new one upholding the decision of the Department of Economic Security and the appeal board.