RENDERED: MARCH 20, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-1082-WC

ROGER KEITH                                                    APPELLANT


|  | PETITION FOR REVIEW OF A DECISION |
|---|---|
| v. | OF THE WORKERS' COMPENSATION BOARD |
|  | ACTION NOS. WC-24-00571 AND WC-22-54400 |


MUHLENBERG COUNTY COAL;
HONORABLE JONATHAN R.
WEATHERBY, ADMINISTRATIVE
LAW JUDGE; AND WORKERS'
COMPENSATION BOARD OF
KENTUCKY                                          APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, MCNEILL, AND MOYNAHAN, JUDGES.

MCNEILL, JUDGE: Appellant, Roger Keith ("Keith"), was formerly employed as a driver by Appellee, Muhlenberg County Coal ("Employer"). While at work on October 20, 2022, Keith injured his right shoulder while lifting a bucket of miner bits. He filed a claim for workers' compensation alleging an acute injury to his

right shoulder, and cumulative trauma injuries to his low back, knees, hands, and left shoulder.

An Administrative Law Judge ("ALJ") issued an Opinion and Order awarding permanent temporary total benefits ("TTD"), partial disability benefits ("PPD"), and medical expenses. The ALJ assessed the date of Keith's maximum medical improvement ("MMI"), to be December 16, 2024. A ten percent whole person impairment rating was assessed. The ALJ awarded PPD benefits for the right shoulder injury but found no evidence supporting cumulative trauma injuries. He dismissed Keith's claims for cumulative trauma injuries to his lower back, bilateral knees, and left shoulder, citing the opinions of Drs. Austin Nabet and Thomas O'Brien, who attributed these conditions to non-work-related factors such as obesity and aging. The ALJ assessed the "two multiplier" based on the date he was laid off after returning to work for Employer. KRS[1] 342.730(1)(c)2.

He appealed to the Workers' Compensation Board (Board), which unanimously affirmed the ALJ's decision. The Board agreed that the opinions of Drs. Nabet and O'Brien constituted substantial evidence supporting the dismissal of Keith's cumulative trauma claims. Keith now appeals to this Court as a matter of right. Having reviewed the record and the law, we affirm.

---

[1] Kentucky Revised Statutes.

# STANDARD OF REVIEW

The ALJ has "the sole discretion to determine the quality, character, weight, credibility, and substance of the evidence, and to draw reasonable inferences from the evidence." *Bowerman v. Black Equipment Co.*, 297 S.W.3d 858, 866 (Ky. App. 2009). Therefore, "appellate courts may not second-guess or disturb discretionary decisions of an ALJ unless those decisions amount to an abuse of discretion." *Id.* at 866 (citing *Medley v. Bd. of Educ., Shelby County*, 168 S.W.3d 398, 406 (Ky. App. 2004)). "If the reviewing court concludes the rule of law was correctly applied to facts supported by substantial evidence, the final order of the agency must be affirmed." *Kentucky Unemployment Ins. Comm'n v. Cecil*, 381 S.W.3d 238, 246 (Ky. 2012) (citing *Brown Hotel Co. v. Edwards*, 365 S.W.2d 299 (Ky. 1962)). "Substantial evidence means evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men." *Smyzer v. B.F. Goodrich Chem. Co.*, 474 S.W.2d 367, 369 (Ky. 1971) (citation omitted). Therefore, we review Board decisions to determine if it "has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992). With this standard in mind, we now turn to the merits of the present case.

## ANALYSIS

Keith generally argues that he was entitled to benefits for cumulative trauma. He specifically argues that "the medical opinions of Dr. Nabet and Dr. O'Brien were not credible medical opinions on which the ALJ could rely . . . ." In addition to the opinions of Drs. Nabet and O'Brien, the ALJ also considered additional medical evidence and opinions provided by Keith and the Employer. The ALJ as the fact finder, has the sole authority to determine the "quality, substance, and character" of evidence. *Whittaker v. Rowland*, 998 S.W.2d 479, 481 (Ky. 1999). Also, "an ALJ may pick and choose among conflicting medical opinions and has the sole authority to determine whom to believe." *Copar, Inc. v. Rogers*, 127 S.W.3d 554, 561 (Ky. 2003). Having considered the totality of the evidence the ALJ in the present case found the opinions of Drs. Nabet and O'Brien to be most reliable and explained, in part as follows:

> Dr. Nabet documented his exhaustive review of Keith's medical history and diagnosed a work-related right rotator cuff tear with a 10% whole person impairment pursuant to the AMA Guides causally related to the acute injury on October 20, 2022. He assessed no impairment for cumulative trauma. This opinion has convinced the ALJ because Dr. Nabet has demonstrated a greater familiarity with Keith's medical history.

In sum, the ALJ was entitled to decide which physicians' opinions he found more credible and reliable and/or entitled to more weight.

-4-

## CONCLUSION

For the foregoing reasons, we hereby affirm the Board, affirming the decision issued by the ALJ.

ALL CONCUR.

BRIEF FOR APPELLANT:

J. Casey Smith
McKinnley Morgan
London, Kentucky

BRIEF FOR APPELLEE
MUHLENBERG COUNTY COAL:

Donald Niehaus
W. Clayton Stone, II
Lexington, Kentucky