**740**

**Herbert HASTE, Appellant,**

v.

**KENTUCKY UNEMPLOYMENT INSUR-
ANCE COMMISSION and Oakwood In-
termediate Care Facility, Appellees.**

Court of Appeals of Kentucky.

Aug. 10, 1984.

Robert H. Brown, Appalachian Research
& Defense Fund, Somerset, for appellant.

Stanley A. Stratford, Pat Harris, Cabinet
for Human Resources, Frankfort, for ap-
pellees.

Before REYNOLDS, COOPER and
COMBS, JJ.

COMBS, Judge.

Herbert Haste was denied unemploy-
ment compensation benefits on the ground
that he was discharged for misconduct by
reporting to work under the influence of
alcohol.

Shortly after reporting to work, a fellow
employee complained to their supervisor
that she smelled alcohol on Mr. Haste's
breath and that he made improper remarks
to her. Following this complaint a meeting
was held with Mr. Haste. He agreed to
submit to blood analysis to determine the
percentage of alcohol in his blood. He was
discharged as a result of this test.

█ We agree with the appellant that
the results of the test were incompetent
evidence. These results were introduced
by the employer's personnel officer. He
testified that he was not present when any
part of the test was performed and had
little, if any, knowledge of proper testing
procedures, or the meaning of the results.
It is beyond argument that results of such
a test are incompetent when there is no
foundation for its admission, no opportuni-
ty for cross-examination and no showing of
the chain of custody of the blood sample.
*See McCormick, Evidence* § 209 (2d ed.
1972).

█ The issue before this court is wheth-
er the trial court properly applied the "re-
siduum" rule. We find that it did not.
This rule is that "findings of an administra-
tive agency will be upheld despite its par-
tial reliance upon incompetent evidence if it
also had before it competent evidence
which by itself would have been legally
sufficient to support the findings." *Big
Sandy Community Action Program v.*

*Chaffins*, Ky., 502 S.W.2d 526 (1973) at 530.

Without the results of the test, the evidence that Mr. Haste was under influence of alcohol is insufficient to support a finding of misconduct. No one who testified before the board expressed the opinion that Mr. Haste had been using alcohol. The testimony included opinions concerning facts that might lead one to the inference that Mr. Haste was under the influence. The witnesses' lack of positive expression makes it apparent that the employer was relying on the results of the blood test. As those results are incompetent, it failed in meeting its burden of proof.

The employer has the burden of proof to establish misconduct. *Brown Hotel Company v. Edwards*, Ky., 365 S.W.2d 299 (1963).

Because the appellant otherwise qualifies for benefits, this court reverses with directions that the trial court remand this case to the unemployment commission for an award of benefits.

REYNOLDS, J., concurs.

COOPER, J., dissents.