Jennie MILLER, Appellant

v.

KENTUCKY UNEMPLOYMENT IN-
SURANCE COMMISSION and Allgei-
er Brewing Company, Inc., Appellees.

No. 2012–CA–001167–MR.

Court of Appeals of Kentucky.

Sept. 27, 2013.

Rehearing Denied March 6, 2014.

Robyn Smith, Karen Faulkner, Louisville, KY, for Appellant.

Jonathan S. Ricketts, Kevin M. Norris, Louisville, KY, for Appellee, Allgeier Brewing Company, Inc.

Patrick B. Shirley, Frankfort, KY, for Appellee, Kentucky Unemployment Insurance Commission.

Before CAPERTON, LAMBERT, and MAZE, Judges.

## OPINION

LAMBERT, Judge:

Jennie Miller has appealed from the opinion of the Jefferson Circuit Court affirming the decision of the Kentucky Unemployment Insurance Commission (the Commission) to deny her application for unemployment benefits. Finding no error in the procedures followed or in the ultimate decision, we affirm.

Miller began working for Cumberland Brews in February 2007, and at the time she left her employment on July 24, 2010, she was the front house manager. Her duties included serving, bartending, closing and cleaning responsibilities, and managing the restaurant and staff. She contended that she took a leave of absence due to her pregnancy, and she was unable to work for six to eight weeks after giving birth. Miller had her baby on September 2, 2010, and when she was ready to return to work in October, Miller was informed that there were no positions available and that her job would not be available until spring.

Miller filed an application for unemployment benefits on October 24, 2010. In the employer's statement, Cumberland Brews, through owner Mark Allgeier, noted that the reason for separation was Miller's resignation. He indicated that Miller worked from February 2, 2007, through July 24, 2010. In a letter attached to the employer's statement, Mr. Allgeier stated that he had offered Miller a leave of absence, but that she told him she was going to find a different job with more stable income after having her baby. He indicated that Miller had been granted an eight-week leave of absence in the past to study yoga in South America. In a separate letter, General Manager Molly Robison stated that Miller told her that she did not plan on returning to work at Cumberland Brews after she had her baby. Another letter from Assistant Manager Von Price indicated that Miller told her that she was not planning to return to her position after the birth of her baby, but was planning to get a new job with more reliable income.

In a notice of determination mailed December 10, 2010, the Division of Unemployment Insurance ruled that Miller was not eligible to receive benefits because she voluntarily quit without good cause attributable to her employment, citing Kentucky Revised Statutes (KRS) 341.370(1)(c). Miller appealed the notice of determina-

tion, claiming that she did not quit her position at Cumberland Brews, but went on maternity leave with the intention of returning after her child was born. When she was able to return to work, she contacted the general manager, Ms. Robison. While Ms. Robison first told her it should not be a problem for her to return to work, she later contacted Miller to say that Mr. Allgeier said the business was too slow to put her back on the payroll. Miller also disputed the truthfulness of the letters Cumberland Brews submitted with its filing. Miller included her own letter from Ms. Robison retracting her previous letter and indicating that Mr. Allgeier had asked her to sign the earlier letter, although she did not believe Miller officially quit.

The referee held a hearing on January 31, 2011. Cumberland Brews did not appear. The referee entered a decision on February 10, 2011, in which he reversed the determination and found that Cumberland Brews initiated Miller's discharge and that the discharge was not for misconduct. The referee stated that Cumberland Brews failed to present any evidence to establish that Miller had committed any misconduct. Therefore, Miller was qualified to receive unemployment benefits.

On February 22, 2011, Cumberland Brews filed an appeal from the referee's decision. In its appeal, Cumberland Brews stated that it had not received notice of the January 31, 2011, hearing and also disputed the referee's findings. It included an affidavit from Mr. Allgeier related to the lack of notice of the hearing. Mr. Allgeier also indicated he wanted the opportunity to participate in a rehearing. The Commission acknowledged receipt of the appeal, and stated:

> THE COMMISSION USUALLY DECIDES APPEALS WITHOUT A NEW HEARING. IT RELIES ON EVIDENCE TAKEN AT THE REFEREE HEARING. THE COMMISSION WILL NOT CONSIDER ANY EVIDENCE NOT INTRODUCED AT THE REFEREE HEARING. IN ITS DISCRETION, THE COMMISSION MAY HOLD AN ADDITIONAL HEARING.

The acknowledgement also permitted the parties to submit written summary statements or briefs.

Cumberland Brews filed a brief and argued that its due process rights were violated when it did not receive notice of the hearing and that it could demonstrate a meritorious defense to Miller's claim. It then indicated what evidence it would have presented at the hearing, had it been able to attend, related to the circumstances of Miller leaving her employment. Miller filed a responsive brief, disputing the issues raised by Cumberland Brews. She argued that Cumberland Brews' appeal was untimely filed, since it should have sought a rehearing by February 17, 2011, but did not file its appeal until February 22, 2011, citing 787 Kentucky Administrative Regulations (KAR) 1:110 Section 4(5). Miller also argued that Cumberland Brews failed to show good cause for failing to appear at the hearing and that it was afforded due process because the notice was issued in compliance with the Commission's policies and procedures. In reply, Cumberland Brews asserted that it had timely and properly filed its notice of appeal.

By order mailed March 16, 2011, the Commission remanded the case back to the Appeals Branch referee for an additional hearing. The order provided, in relevant part:

> The employer states that it did not receive notice of the scheduled hearing and, therefore, was not allowed an opportunity to present its case.

787 KAR 1:110, Section 2(2)(c) provides that the Commission, at its discretion, may return any case or issue to a referee for the taking of additional evidence. The referee shall take testimony in the manner prescribed for hearing of appeals before referees and shall thereupon return the record to the Commission for its decision thereon.

The employer did not appear for the referee hearing. We desire the employer's evidence before making a decision in this matter and therefore return the case for an additional hearing. The Appeals Branch will mail a copy of the recording of the prior hearing to the parties with notice of the additional hearing. The parties will be given opportunity to review any exhibits entered at the original hearing when the additional hearing is convened. The claimant and any witnesses appearing at the prior hearing must attend the additional hearing. The employer shall be given the opportunity to cross-examine each witness. The claimant will be given opportunity to present additional witnesses and evidence subject to cross-examination by the employer. The employer will then be given opportunity to offer testimony and present witnesses and evidence subject to cross-examination by claimant. Both parties shall be given opportunity to present arguments or summaries at the close of the hearing.

## DECISION

WHEREFORE, the Commission, having reviewed the record and being advised, **remands** this case to the Appeals Branch for the scheduling of an **additional hearing** consistent with this order. The case shall be **returned to the Commission for its review and decision.** [Emphasis in original.]

The additional hearing was held on May 9, 2011, after which the case returned to the Commission for a decision. Based upon the evidence presented at the hearing, the Commission reversed the referee's decision, finding that Miller initiated the separation from her employment without good cause attributable to her employment. The Commission found that Miller did not follow the protocol for requesting maternity leave because "she did not intend to return to the work following child birth[.]" The Commission did not find credible or plausible Miller's assertion that "she could simply begin a leave period without approval and return to work, at her sole discretion, anytime she desired and was physically capable[.]" It went on to state:

There can be little doubt, that claimant had good personal cause for not returning to (i.e., for quitting) her regular job with the captioned employer because continued employment in that job would have been harmful to her health or the health of her unborn child. However, since claimant has **not proven** by substantial evidence that her diminished physical capabilities were *work-related,* her good cause for quitting has not been shown to be attributable (i.e., **causally connected**) to the employment with the captioned employer. Therefore, claimant must be disqualified from receiving benefits. [Emphasis in original.]

On June 17, 2011, Miller filed a verified petition for judicial review and complaint in Jefferson Circuit Court pursuant to KRS 341.450(1) and 452.460(1). Miller named as defendants the Commission; Allgeier Brewing Co., Inc., d/b/a Cumberland Brews; Mark Allgeier; Molly Robison; and Patricia Allgeier as defendants. She requested judicial review of the Commission's order reversing the referee's decision based upon the violation of its regulations and because it was arbitrary; fraud

in the proceedings; waiver/estoppel as a bar to the rehearing; and facial and as-applied challenges to the regulations. In her complaint, Miller alleged causes of action for wrongful discharge (discrimination), retaliation, a violation of the Fair Labor Standards Act, a violation of the Family Medical Leave Act, fraud, fraud upon the tribunal, a violation of KRS 341.990 for making false statements to the administrative tribunal, civil conspiracy, outrage, and unjust enrichment. The defendants filed a notice of removal to the United States District Court for the Western District of Kentucky. The federal court remanded Miller's state law claims, including fraud upon the tribunal, civil conspiracy, outrage, unjust enrichment, and the violation of KRS 341.990, but retained the remaining federal claims and related supplemental claims.

The Commission moved the circuit court to sever the case into separate actions, which it granted by order entered December 19, 2011, thereby severing Miller's petition for judicial review of the Commission's decision from the remaining claims. The parties filed briefs related to the unemployment issue. Miller argued that the Commission exceeded its authority in reopening the hearing process, that it failed to address the notice issue on appeal, and that its determination that Miller voluntarily left her employment was not supported by substantial evidence. In its responsive brief, the Commission argued that its findings of fact were supported by substantial evidence and that it did not act outside of its regulations. Cumberland Brews argued that the Commission acted within its discretion in remanding the case for a supplemental hearing and that its order was proper.

On June 22, 2012, the circuit court entered an opinion and order affirming, holding that the Commission's action in reopening the evidence was within its discretion, that the Commission did not have to determine that Cumberland Brews' due process rights were violated in order to obtain additional evidence, and that substantial evidence supported the Commission's decision that Miller voluntarily resigned without good cause attributable to her employment. This appeal now follows.

On appeal, Miller continues to argue that the Commission exceeded its authority in reopening the hearing process and that the Commission's determination that she voluntarily left her employment was not supported by substantial evidence. Both the Commission and Cumberland Brews have filed responsive briefs disputing Miller's arguments.

■■■■ Our standard of review in administrative appeals is well-settled in the Commonwealth:

Judicial review of a decision of the Kentucky Unemployment Insurance Commission is governed by the general rule applicable to administrative actions. "If the findings of fact are supported by substantial evidence of probative value, then they must be accepted as binding and it must then be determined whether or not the administrative agency has applied the correct rule of law to the facts so found." *Southern Bell Tel. & Tel. Co. v. Kentucky Unemployment Ins. Comm'n,* 437 S.W.2d 775, 778 (Ky. 1969) (citing *Brown Hotel Co. v. Edwards,* 365 S.W.2d 299 (Ky.1962)). Substantial evidence has been defined as evidence which has sufficient probative value to induce conviction in the minds of reasonable people. *Kentucky State Racing Comm'n v. Fuller,* 481 S.W.2d 298, 308 (Ky.1972). If there is substantial evidence in the record to support an agency's findings, the findings will be upheld, even though there may be con-

flicting evidence in the record. *Kentucky Comm'n on Human Rights v. Fraser*, 625 S.W.2d 852, 856 (Ky.1981). An agency's findings are clearly erroneous if arbitrary or unsupported by substantial evidence in the record. *Id.* If the reviewing court concludes the rule of law was correctly applied to facts supported by substantial evidence, the final order of the agency must be affirmed. *Brown Hotel Co.*, 365 S.W.2d at 302. *Kentucky Unemployment Ins. Com'n v. Cecil*, 381 S.W.3d 238, 245–46 (Ky.2012). "A court's function in administrative matters is one of review, not reinterpretation." *Thompson v. Kentucky Unemployment Ins. Com'n*, 85 S.W.3d 621, 624 (Ky.App. 2002) (footnote omitted).

■ Miller's first argument addresses her procedural challenges to the Commission's decision to reopen the hearing process. Generally, the process for obtaining unemployment benefits is as follows:

When a worker applies for unemployment insurance benefits, the application is first submitted to the Secretary of the Division for Unemployment Insurance for an initial determination. The employer may either accept or challenge the charge against its reserve account. On the basis of the application and the response thereto, the Secretary makes an initial determination regarding the worker's eligibility for benefits.

An aggrieved party may then appeal to the referee. KRS 341.420(2). The referee conducts a hearing, receiving testimony from witnesses and reviewing documentary evidence. The referee then issues findings of fact, conclusions of law and final order with respect the worker's eligibility for unemployment insurance benefits. KRS 341.420(4).

Following a referee decision, an aggrieved party may appeal to the full Commission. In addition, the Commission has authority "to remove to itself or transfer to another referee the proceedings on any claims pending before a referee." KRS 341.430(1). Unlike a conventional appellate body, the Commission conducts a *de novo* review of applications. As explained in the statute:

The commission may on its own motion affirm, modify, or set aside any decision of a referee on the basis of the evidence previously submitted in such case, or direct the taking of additional evidence, or may permit any of the parties to such decision to initiate further appeals before it.

KRS 341.430(1).

"Except in instances where the commission orders cases removed to it from a referee, all appeals to the commission may be heard upon the records of the division and the evidence and exhibits introduced before the referee." 787 KAR 1:110(2)(2)(a); formerly 903 KAR 5:130(2)(2)(a). Thus, while the Commission generally does not hear evidence directly from witnesses, it has the authority to enter independent findings of fact. 787 KAR 1:110(2)(4)(a). Necessarily, such authority allows the Commission to judge the weight of the evidence and the credibility of witnesses and to disagree with the conclusion reached by the referee.

*Burch v. Taylor Drug Store, Inc.*, 965 S.W.2d 830, 834 (Ky.App.1998), *abrogated on other grounds by Kentucky Unemployment Ins. Com'n v. Cecil*, 381 S.W.3d 238 (Ky.2012).

■ In the present case, Miller contends that because Cumberland Brews failed to attend the first referee hearing, it was subject to 787 KAR 1:110 Section 4:

(5) Reopening hearings.

(a) Any party to an appeal who fails to appear at the scheduled hearing may, within seven (7) days from the hearing date, request a rehearing.

(b) The request shall:

1. Be granted if the party has shown good cause, in accordance with the examples listed in Section 3(2)(c)1 through 4 of this administrative regulation, for failure to appear;

2. Be in writing;

3. Set forth the reasons for the failure to attend the scheduled hearing; and

4. Be mailed or delivered to the office where the appeal was filed, to the Appeals Branch, Division of Unemployment Insurance, Frankfort, Kentucky, or to the Unemployment Insurance Commission, Frankfort, Kentucky.

Because Cumberland Brews did not request a rehearing within seven days of the hearing date, Miller contends that the Commission exceeded its authority in ordering a rehearing. Miller also contends that Cumberland Brews had adequate notice of the first hearing and did not show any good cause for missing the hearing, and that the Commission failed to make any findings or provide any reasoning to support its decision to grant a second hearing.

Here, Cumberland Brews did not request a rehearing, but rather filed an appeal. As both the Commission and Cumberland Brews argue, and as recognized by this Court in *Burch, supra,* KRS 341.430(1) permits the Commission to direct the taking of additional evidence at its discretion:

The commission may on its own motion affirm, modify, or set aside any decision of a referee on the basis of the evidence previously submitted in such case, or **direct the taking of additional evidence,** or may permit any of the parties to such decision to initiate further appeals before it. The commission may remove to itself or transfer to another referee the proceedings on any claims pending before a referee. [Emphasis added.]

The regulations echo this statute. 787 KAR 1:110 Section 2(2)(b)1. provides that "[t]he commission may direct the taking of additional evidence before it, if needed, in order to determine the appeal." 787 KAR 1:110 Section 2(2)(c)1. provides that "[t]he commission may return any case or issue to a referee for the taking of additional evidence." Accordingly, the Commission was well within its discretion and in compliance with KRS 341.430(1) and 787 KAR 1:110 Section 2(2)(c)1. in returning Miller's case to the referee to take additional evidence. The Commission was not required to address whether Cumberland Brews was afforded due process regarding notice or whether it had good cause for missing the first hearing. Therefore, we find no merit in any of Miller's arguments related to her procedural challenges.

For her second argument, Miller asserts that the Commission's determination that she voluntarily left her employment is not supported by substantial evidence. She argues that the Commission's determination is supported only by inadmissible hearsay and innuendo from witnesses who were not privy to her conversation with Cumberland Brews' general manager. The Commission and Cumberland Brews have both argued that the decision was based upon substantial evidence of record and should therefore be upheld.

Miller specifically argues that the evidence related to Ms. Robison cannot support the Commission's determination. Because Ms. Robison did not appear to

testify at the hearing, Cumberland Brews submitted her affidavit in which she stated that she did not know what Miller's intentions were when she left her employment and that she did not grant or deny employees maternity leave or handle payroll; that was left to the owner, Mr. Allgeier. Miller relies upon the holding in *Haste v. Kentucky Unemployment Ins. Com'n*, 673 S.W.2d 740 (Ky.App.1984), to support her contention that the rules governing admissibility of evidence apply to these proceedings.

Both the Commission and Cumberland Brews dispute Miller's statement of the law. The Commission points out that *Haste* holds as follows:

> The issue before this court is whether the trial court properly applied the "residuum" rule. We find that it did not. This rule is that "findings of an administrative agency will be upheld despite its partial reliance upon incompetent evidence if it also had before it competent evidence which by itself would have been legally sufficient to support the findings." *Big Sandy Community Action Program v. Chaffins*, Ky., 502 S.W.2d 526, at 530 (1973).

*Haste*, 673 S.W.2d at 740–41. It further points out that 787 KAR 1:110 Section 4(4)(a) provides that "[a]ll hearings shall be conducted informally without regard to common law, statutory or technical rules, or procedure and in a manner as to determine the substantial rights of the parties." KRS 13B.090(1), in turn, provides:

> In an administrative hearing, findings of fact shall be based exclusively on the evidence on the record. The hearing officer shall exclude evidence that is irrelevant, immaterial, unduly repetitious, or excludable on constitutional or statutory grounds or on the basis of eviden-

tiary privilege recognized in the courts of this Commonwealth. Hearsay evidence may be admissible, if it is the type of evidence that reasonable and prudent persons would rely on in their daily affairs, but it shall not be sufficient in itself to support an agency's findings of facts unless it would be admissible over objections in civil actions.

The residuum rule was further described by this Court in *Drummond v. Todd County Board of Education*, 349 S.W.3d 316, 321 (Ky.App.2011):

> In presiding over an administrative proceeding, the hearing officer is permitted to accept hearsay evidence which is reliable, but which would not be admissible in court. *See* KRS 13B.090(1). However, when the time comes to make a factual determination, the residuum rule requires the fact-finder to base a decision on only the competent evidence: "When the evidence is all in, it must be sifted and assorted. The competent separated from the incompetent, and out of the testimony there must come some reliable and substantial evidence, as understood by the common-law rules of evidence upon which a verdict must rest." *Cabe v. City of Campbellsville*, 385 S.W.2d 51, 54 (Ky.1964) (quoting *Valentine v. Weaver*, 191 Ky. 37, 228 S.W. 1036, 1038 (1921)). That means we will affirm a finding of fact only if the competent evidence before the tribunal constitutes *substantial* evidence. [Emphasis in original.]

■ In the present case, there is evidence other than the affidavit of Ms. Robison to support the Commission's finding that Miller voluntarily left her employment, including the testimony of Mr. Allgeier and other employees.[1] The Com-

---

1. The record on appeal does not include the transcript or recordings of the second hear- ing; only the transcript from the first hearing was included. Therefore, we must assume

mission specifically found that Miller had advised Cumberland Brews' secretary and assistant manager that she was not returning to work after beginning her maternity leave because she was going to seek employment with more steady income. Mr. Allgeier also reported that Miller did not provide a starting date for her leave, but stated she would not be returning to work after her leave began. The Commission concluded:

> Substantial evidence supports a finding that claimant did not follow known protocol for requesting maternity leave because she did not intend to return to the work following child birth; consequently, no leave was approved by the employer. Claimant's assertion that she could simply begin a leave period without approval and return to work, at her sole discretion, anytime she desired and was physically capable, is simply neither credible nor plausible. The weight of credible evidence indicates that claimant advised that she would not return to the work after deciding that she could no longer perform her duties, and that she announced that decision on July 24, 2010.

This case certainly represents a credibility contest between Miller and Cumberland Brews. In addition to *Cecil's* discussion of our method of review in administrative appeals, we have considered the statement of the law in *Thompson v. Kentucky Unemployment Insurance Commission*, 85 S.W.3d 621, 624 (Ky. App.2002):

> Upon review of an administrative agency's adjudicatory decision, an appeal court's authority is somewhat limited. The judicial standard of review of an unemployment benefit decision is whether the KUIC's findings of fact were supported by substantial evidence and whether the agency correctly applied the law to the facts. Substantial evidence is defined as evidence, taken alone or in light of all the evidence, that has sufficient probative value to induce conviction in the minds of reasonable people. If there is substantial evidence to support the agency's findings, a court must defer to that finding even though there is evidence to the contrary. A court may not substitute its opinion as to the credibility of the witnesses, the weight given the evidence, or the inferences to be drawn from the evidence. A court's function in administrative matters is one of review, not reinterpretation. [Citations in footnotes omitted].

While we do not have the transcript or recording of the second hearing, we have reviewed the documentary evidence presented, and we must hold that substantial evidence supports the Commission's finding that Miller voluntarily left her employment. Because this finding is supported by substantial evidence, neither the circuit court nor this Court is permitted to substitute its judgment for the findings below. Therefore, we must uphold the findings and conclusion that Miller voluntarily left her employment.

For the foregoing reasons, the Jefferson Circuit Court's opinion and order upholding the Commission's decision is affirmed.

MAZE, Judge, concurs and files separate opinion.

---

that the transcript supports the Commission's decision. *See King v. Commonwealth*, 384 S.W.3d 193, 194–95 (Ky.App.2012) ("If evidence is missing from the record, we must assume that the trial court's decision is supported by the record. *See Smith v. Smith*, 235 S.W.3d 1, 5 (Ky.App.2006); *Commonwealth v. Thompson*, 697 S.W.2d 143, 145 (Ky.1985).").

CAPERTON, Judge, concurs with the majority opinion and joins the concurring opinion written by Judge MAZE.

MAZE, JUDGE, CONCURRING:

I fully concur with the reasoning and the result of the majority opinion, but I write separately to add an additional point. Based on 787 KAR 1:110 Section 4(5), Miller argues that Cumberland Brews failed to file a timely motion to reopen the referee hearing, and consequently the Commission did not have the authority to order a new hearing. At first blush, the argument seems logical: if a party fails to attend a hearing, then the regulation allows seven days for that party to file a motion to reopen. If a party fails to file a motion within the required time, that party should not be allowed a "second bite at the apple," and obtain a new hearing during the course of the appeal to the Commission.

However, this interpretation, while reasonable, is not consistent with the statutory and regulatory scheme for unemployment insurance actions. First, the regulation at issue sets out "General Rules for Referee and Commission Appeals." 787 KAR 110 Section 4. This section sets out procedural rules for the referee and the Commission, including provisions for the issuance of subpoenas; maintenance of the appeal record; furnishing of information from the records of the Division of Unemployment Insurance; conduct of hearings; and creation, retention and destruction of recordings. Among these provisions, subsection (5) establishes a procedural mechanism for reopening hearings when a party has failed to appear. This subsection merely allows the referee (or the Commission) to reopen hearings under the specified circumstances. But when viewed in context with the accompanying provisions, this subsection does not purport to limit the scope of issues which may be raised on appeal.

Rather, appeals from the referee to the Commission are governed separately. A party to a referee determination must file an appeal to the Commission within fifteen days or the referee's determination will become final. KRS 341.420(4). But, if an appeal is filed within that time, the Commission has broad authority to "affirm, modify, or set aside any decision of a referee on the basis of the evidence previously submitted in such case, or direct the taking of additional evidence...." KRS 341.430(1). As the majority points out, 787 KAR 1:110 Section 2(2)(c) echoes the statutory language and specifically authorizes the Commission to remand the matter to the referee for the taking of additional evidence.

In this case, Cumberland Brews did not file a motion with the referee to reopen the hearing based on its alleged lack of notice. Rather, Cumberland Brews filed a timely appeal to the Commission from the referee's decision. The Commission did not directly address Cumberland Brews' claim that it failed to receive notice of the referee hearing, but nevertheless chose to remand the matter for a new hearing. That decision was within the Commission's statutory and regulatory authority. Thus, this Court can only set aside that decision if it is arbitrary or characterized by abuse of discretion. *Burch v. Taylor Drug Store*, 965 S.W.2d 830, 834 (Ky.App.1998), citing *American Beauty Homes Corp. v. Louisville and Jefferson County Planning and Zoning Commission*, 379 S.W.2d 450, 456 (Ky.1964). Although I do not necessarily endorse the Commission's decision to order remand under the circumstances presented in this case, I must agree with the majority that the Commission did not abuse its discretion in doing so. There-

fore, I would likewise affirm the circuit court's order.