RENDERED:  JANUARY 15, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1880-MR

BRADLEY SHANE WILSON                                APPELLANT


APPEAL FROM METCALFE CIRCUIT COURT
v.       HONORABLE JOHN T. ALEXANDER, JUDGE
ACTION NO. 18-CR-00002


COMMONWEALTH OF KENTUCKY                         APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; COMBS AND JONES, JUDGES.

COMBS, JUDGE:  This is a criminal case in which the appellant, Bradley Shane Wilson (Wilson), appeals from the denial of his motion to suppress.  Finding no error after our review, we affirm.

On September 10, 2019, Wilson entered a conditional guilty plea to operating a motor vehicle while under the influence of alcohol which impairs one's driving ability, fourth offense, reserving his right to appeal.  On November 27,

2019, the trial court entered final judgment sentencing Wilson to two years' imprisonment: a 120-day alternative sentence to be served with the remaining period of confinement to be probated for five years subject to Wilson's compliance with the conditions of his supervised probation.

Wilson appeals from the trial court's order of November 2, 2018, denying his motion to suppress, which provides as follows in relevant part:

> This case involves a traffic stop initiated by Officer Robertson on October 17, 2017, in Metcalfe County, Kentucky. Both parties concur that the stop was premised on information transmitted through a phone call regarding a person later identified as the Defendant, who appeared to be under the influence of and impaired by alcohol. The issue is whether the stop was a constitutionally permissible one.
>
> . . .
>
> At the hearing in this case, Officer Robertson testified that he was informed by Edmonton Police Chief Delaney Wilson that an individual driving a white Pontiac was "possibly under the influence." The Defendant was identified by name, and was personally known to Officer Robertson. In addition to this testimony, the Court heard a recording of the telephone call from a Metcalfe County Schools employee,[1] who identified herself, gave the

---

[1] As set forth at pages 1-2 of the Commonwealth's brief, the caller identified herself as Jamie Howard at Edmonton Elementary and asked if dispatch could run a plate for her. Asked what was going on, Ms. Howard told dispatch that "Well, I think Chris [an individual at the school] has a meeting and he must think, that, uh, maybe the parent is drinking." Ms. Howard explained that she went out to get the parent's license plate and wanted to be sure she ran the right one. Dispatch asked Ms. Howard if she knew the identity of the parent, and Ms. Howard responded, "Maybe it's a Wilson. I think the last name might be Wilson." At the hearing, Officer Robertson confirmed that a woman named Jamie Howard works at the school. Officer Robertson knew who she was but did not know her personally.

license plate number of the car, and gave the suspected driver's last name. The substance of the report was that another person ("Chris") at the school was in a meeting with the suspect and thought he had been drinking alcohol. He was later seen getting into a vehicle and leaving the school.

The dispatcher indicated that she would give the information to the chief of police. Subsequently, Chief Wilson contacted Officer Robertson, who made the traffic stop. [The trial court noted that Chief Wilson presumably did some investigation, because he provided the Defendant's full name and a complete description of the vehicle to the officer.] According to the testimony, Officer Robertson passed the Defendant going in the opposite direction, recognized him, and made a stop on the basis of the information relayed by Chief Wilson. According to the testimony, the decision to stop the vehicle was based solely on Officer Robertson's determination that the vehicle was the one referred to by the caller. He did not recall seeing anything that would have justified a traffic stop independently of the information provided in the call.

The trial court determined that the initial caller's identity was readily ascertainable and that she was a "citizen informant" not an anonymous tipster. The information provided by the initial caller included an expression of suspicion of possibly illegal conduct -- as well as a vehicle number and a last name. Additionally, the Chief of Police was not an anonymous tipster. The court explained that the "calls and the verification of the information given therein provided a reasonable and articulable basis for the stop of the Defendant's car." The court denied the motion to suppress, having concluded that "[t]he tip and the

surrounding circumstances, *in toto*, provided reasonable suspicion for the traffic stop."

Wilson appeals. In *Baltimore v. Commonwealth*, 119 S.W.3d 532, 537 (Ky. App. 2003), this Court explained as follows:

> There are three types of interaction between police and citizens: consensual encounters, temporary detentions generally referred to as *Terry* stops, and arrests. The protection against search and seizure provided by the Fourth Amendment to the United States Constitution applies only to the latter two types. Generally, under the Fourth Amendment, an official seizure of a person must be supported by probable cause, even if no formal arrest of the person is made. However, there are various narrow exceptions based on the extent and type of intrusion of personal liberty and the government interest involved. In the seminal case of *Terry v. Ohio*, [392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968),] the Supreme Court held that a brief investigative stop, detention and frisk for weapons short of a traditional arrest based on reasonable suspicion does not violate the Fourth Amendment.

Our standard of review of a trial court's order denying a suppression motion is that of "clearly erroneous" with respect to factual findings. We review *de novo* the legal question of whether there was a reasonable suspicion to stop. *Commonwealth v. Banks*, 68 S.W.3d 347, 349 (Ky. 2001).

In the case before us, Wilson does not take issue with the trial court's findings of fact. But he contends that the trial court's ruling was incorrect as a matter of law. The question that Wilson presents on appeal is "whether Howard's

report objectively established a sufficient reason to justify a temporary investigative stop of the driver[?]"

Wilson contends that the trial court erred in focusing on the implied reliability of the informant, Ms. Howard, rather than the unknown credibility of Chris. He relies upon an unpublished decision from Washington State. Wilson argues that "a quantum leap was made in inferring that [he] was too impaired to be driving. [And that] [t]he mere fact that someone has consumed alcohol . . . does not mean his operation of a motor vehicle becomes illegal." Wilson cites case law from various other states along with a Kentucky case, *Haste v. Kentucky Unemployment Ins. Comm'n*, 673 S.W.2d 740 (Ky. App. 1984), which involved the sufficiency of the evidence in a claim for unemployment benefits. We find his reliance on these cases to be unpersuasive and inapposite with respect to the case before us.

In *Hampton v. Commonwealth*, 231 S.W.3d 740, 744-45 (Ky. 2007), cited by the trial court, our Supreme Court held that:

> Officers must have a reasonable and articulable suspicion that a crime is occurring before they may perform a temporary investigative stop of a person . . . driving a car. *Delaware v. Prouse*, 440 U.S. 648, 663, 99 S.Ct. 1391, 1401, 59 L.Ed.2d 660, 673 (1979). Whether the information the police have is sufficient to give rise to such a suspicion is evaluated under the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 241-42, 103 S.Ct. 2317, 2334, 76 L.Ed.2d 527 (1983). . . .
> . . .

. . . A truly anonymous tip must bear some increased indicia of reliability such as independent verification before the police may rely on it. . . .

. . .

Citizen informants are tipsters who have face-to-face contact with the police or whose identity may be readily ascertained. Their tips "are generally competent to support a finding of reasonable suspicion (and in some cases, probable cause) whereas the same tip from a truly anonymous source would likely not have supported such a finding." *Commonwealth v. Kelly*, 180 S.W.3d 474, 478 (Ky. 2005).

In the case before us, the trial court determined that the identity of the original caller was readily ascertainable and that she was a citizen informant rather than an anonymous tipster. The information that she provided included a valid suspicion of possibly illegal conduct, a license plate number and a last name,[2] all of which were indicia of reliability. As the trial court also observed, the Chief of Police "was clearly not an anonymous tipster." The trial court concluded that "[t]hese calls and the verification given therein provide a reasonable articulable basis for the stop of the Defendant's car."

We wholly agree with the analysis of the trial court. It properly considered the totality of the circumstances in concluding that the "tip and its

---

[2] We note that that the caller provided more than just a last name. She also identified the person as a parent at the school.

surrounding circumstances, *in toto*, provided reasonable suspicion for the traffic stop."

Accordingly, we affirm.

ALL CONCUR.

BRIEFS FOR APPELLANT:                    BRIEF FOR APPELLEE:

Johnny W. Bell                           Daniel Cameron
Glasgow, Kentucky                        Attorney General of Kentucky
                                         Frankfort, Kentucky

                                         Mark D. Barry
                                         Assistant Attorney General
                                         Frankfort, Kentucky