RENDERED: NOVEMBER 5, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0461-MR

STEPHEN S. WILLIS                                             APPELLANT

v.          APPEAL FROM JEFFERSON CIRCUIT COURT
            HONORABLE BRIAN C. EDWARDS, JUDGE
            ACTION NO. 13-CI-004627

KENTUCKY UNEMPLOYMENT
INSURANCE COMMISSION AND
RELIABLE EXPRESS                                             APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, DIXON, AND L. THOMPSON, JUDGES.

CALDWELL, JUDGE: Stephen S. Willis appeals from a Jefferson Circuit Court

judgment affirming a Kentucky Unemployment Insurance Commission ("KUIC")

order reversing a referee's decision and ruling that Willis was disqualified from

receiving unemployment benefits. We affirm.

## FACTS AND PROCEDURAL HISTORY

Willis was employed as a truck driver for Reliable Express in May 2009. On or about May 28, 2009, Willis was discharged by the owner of Reliable Express, Don Gettelfinger. According to Gettelfinger, Willis's refusal to take the route Gettelfinger instructed him to take led to Willis's discharge. Willis admits that he refused to take the route Gettelfinger instructed him to take – traveling southward towards Kentucky from central Indiana on State Route 3 rather than using the interstate highways I-65 and/or I-69. Whether Gettelfinger's instruction to take State Route 3 was reasonable is the key dispute in this case.

Willis filed a claim for unemployment insurance benefits in Kentucky. The Division of Unemployment Insurance deemed Willis eligible to receive unemployment benefits and issued a notice of its determination that Willis was not discharged due to misconduct. Reliable Express appealed to a referee.

In August 2010, the referee conducted an evidentiary hearing. Gettelfinger testified at this hearing; Willis did not. The referee found that Reliable Express had not met its burden of proving that Willis was discharged for committing misconduct. Reliable Express appealed to KUIC.

KUIC remanded the case back to a different referee for an additional hearing to further develop the evidentiary record. In its order returning and remanding, KUIC indicated its desire to hear evidence from Willis, who had not

appeared at the first evidentiary hearing – apparently due to his notice of the administrative hearing being returned as undeliverable.  It also sought additional testimony from Gettelfinger about the circumstances leading to prior verbal warnings to Willis and whether Willis knew his job was in jeopardy.  KUIC did not request the new referee to make a decision on disqualification, but simply to conduct an evidentiary hearing and to submit the evidence to KUIC for KUIC to decide if Willis was disqualified.[1]

A new referee conducted two evidentiary hearings, at which Willis and Gettelfinger testified.  (An additional hearing was scheduled to allow the parties to present more evidence.)  The referee then submitted the evidence – including transcripts of the hearings and documentary evidence – to KUIC.

According to Gettelfinger's testimony, Gettelfinger told Willis to take State Route 3 – rather than the interstate – because it was the shortest and most direct route for the delivery and would thereby save fuel costs.  Reliable Express had a policy requiring its drivers to take the routes they were instructed to take.  And Willis had a history of receiving prior verbal warnings for being argumentative and for various other infractions according to Gettelfinger.

---

[1] *See generally* Kentucky Administrative Regulations (KAR) 787 KAR 1:110 for information about "the appeals process and general rules for the conduct of hearings" in unemployment proceedings.  *See also* Kentucky Revised Statutes (KRS) 341.115 and KRS 341.430.  The referee conducting the additional evidentiary hearings for KUIC explained on the record that he would simply be conducting the evidentiary hearings and then submitting the evidence to KUIC for it to review.

According to Willis's testimony, taking the interstate would be both faster and safer.  He claimed that the truck's transmission was not in good shape and that driving through several towns on the state route would be risky.  Willis also alleged that Gettelfinger had recently asked him to drive more hours than legally allowed, which Willis refused to do.  Willis asserted that Gettelfinger acted in anger to get back at Willis for refusing to drive over his legally allowed hours and to force Willis to have to stay overnight in Indiana to comply with hour limitations rather than being able to get home to Louisville that night.  And Willis has claimed it would be practically impossible to make the delivery to a site near an I-65 exit in Shepherdsville, Kentucky, without getting on the interstate.

Willis also submitted audio recordings of phone conversations with Gettelfinger and other Reliable Express representatives – including a taped phone call in which Willis argued that Gettelfinger's proposed route would take longer than the interstate and would result in him having to spend the night away from home to not go over hourly driving limits.  In this call, Willis suggested Gettelfinger was ordering that route to get back at Willis for refusing to go over hourly driving limits and Gettelfinger told Willis to follow the ordered route or be fired.  Willis told Gettelfinger he would be "damned" if he took State Route 3, which he referred to as a "little country road" he had taken "years ago" and that he would be "staying on the main roads."  (Pp.149-50 of Transcript of Evidence from

3/1/2011 hearing.) Ultimately, Gettelfinger told Willis to just go turn in his keys and bills when he got to Louisville as Willis was being terminated.

KUIC reviewed the evidence and entered an order reversing the prior referee's determination that Willis was entitled to receive unemployment. KUIC found that Willis was discharged for refusing to obey instructions. It also found Gettelfinger's instructions were reasonable. Thus, it determined that Willis was disqualified from receiving unemployment benefits due to misconduct.

After discussing several statutes and case law construing them, KUIC explained the reasons for its decision in favor of Reliable Express, including its assessment of Gettelfinger's being more credible than Willis and its determination that Reliable Express met its burden of proving that Willis was discharged for misconduct:

> Although the employer cited numerous incidents during the hearing, it is clear that claimant's refusal to obey Mr. Gettelfinger's instruction on May 27, 2009 was the act that precipitated his discharge. The claimant had a history of being argumentative toward Mr. Gettelfinger, which was further demonstrated by claimant's argumentative behavior throughout the hearing. Therefore, the testimony of Mr. Gettelfinger is accepted as being the more credible evidence.
>
> Mr. Gettelfinger instructed claimant to drive back to Louisville, Kentucky on State Route 3 on May 27, 2009; the claimant refused to do so. The instruction was reasonable, as it is the employer's prerogative to set routes for drivers based on the needs of the company. In

-5-

this case, the state route was the shortest distance and would save the company money in fuel costs.

The claimant's defense was that he felt that traveling on the rural highway would be unsafe and that he believed Mr. Gettelfinger was trying to punish him by forcing him to take a longer route in terms of driving time. The claimant has failed to prove that the route in question would have presented any risk(s) to his safety or that Mr. Gettelfinger was attempting to punish him in any way by setting the route in question. Absent a showing that obeying the employer's instruction would have placed claimant at risk or that the instruction was otherwise unreasonable, it must be found that claimant refused to obey the employer's reasonable instruction, which constitutes misconduct in accordance with KRS 341.370(6).

In Brown Hotel Company v. Edwards, 365 S.W.2d 299 (Ky. 1962), the Kentucky Court of Appeals held that the employer bears the burden, in a discharge case, to prove misconduct by a preponderance of the evidence. The employer has met its burden of proof, as required by Brown Hotel, supra, and therefore must prevail.

Claimant has received benefits during the now imposed period of disqualification and claimant must repay the Division.

(Commission order reversing 3/23/2011, Administrative Record (A.R.), pp. 165-66.)

Willis then filed an action in Franklin Circuit Court seeking judicial review of KUIC's decision in April 2011. After Willis and KUIC submitted briefs to the Franklin Circuit Court and filed notices indicating that the case was submitted for a final decision, the Franklin Circuit Court issued an order

-6-

transferring the case to Jefferson Circuit Court in 2013.[2]  The Jefferson Circuit Court entered an order dismissing the case for lack of prosecution in late 2014.

In December 2019, Willis filed *pro se* a handwritten document in Jefferson Circuit Court alleging he had not received proper notice that the case was ready to be tried and was deprived of his right to be heard.  He contended that court notices had been sent to the wrong addresses, and that his counsel now had dementia and did not receive notice of the proceedings being transferred to Jefferson Circuit Court.  Willis asserted that there were ongoing efforts to put a lien for $11,000 on his house – apparently to recoup unemployment benefits.  And he argued that KUIC had erred in disqualifying him from receiving unemployment benefits for his discharge from Reliable Express.

Willis appeared before the Jefferson Circuit Court at motion hour on January 6, 2020.  The judge verified Willis's identity and reviewed the handwritten document, which he construed as a motion to place the case back on the court's docket and he asked Willis if that was correct.  Willis agreed, and stated that he was never notified that his case was dismissed.  Willis explained that the case went

---

[2] The case was transferred from Franklin Circuit Court to Jefferson Circuit Court to comply with KRS 341.450(1) which provides that an aggrieved party may seek judicial review of a KUIC decision by filing a complaint "in the Circuit Court of the county in which the claimant was last employed[.]"  The Franklin Circuit Court found nothing in the administrative record to show that Willis worked in Franklin County and found that Jefferson County was Willis's last place of employment.

-7-

back eleven years and expressed his understanding that, under a statute, if unemployment benefits were not collected or recouped within five years, collection efforts must be dismissed.[3] He indicated his former counsel had dementia so he was representing himself. The court set a February hearing date, which was later rescheduled to early March due to a scheduling conflict.[4]

The Jefferson Circuit Court issued an opinion and order in March 2020 affirming KUIC's order finding that Willis was disqualified from receiving unemployment benefits due to misconduct. The circuit court determined the KUIC order was supported by substantial evidence. Willis then timely appealed to this Court.

## ANALYSIS

### Standard of Review

"The judicial standard of review of an unemployment benefit decision is whether the KUIC's findings of fact were supported by substantial evidence and

---

[3] No appeal from any collection proceeding is before us and we express no opinion on the merits of any collection proceeding. Instead, we simply address whether the circuit court properly affirmed the KUIC decision – rendered in 2011 – reversing the referee and determining that Willis was disqualified from receiving unemployment benefits for his discharge from Reliable Express.

[4] A recording of the latter hearing was not included in the record on appeal although a recording of the January 6 hearing was. The circuit court clerk's certification of the record indicated that one trial DVD was included in the record without specifying any particular dates; Willis apparently did not file a designation of record, *see* Kentucky Rules of Civil Procedure (CR) 98(3), to request that recordings from specific dates be included in the record on appeal.

whether the agency correctly applied the law to the facts." *Thompson v. Kentucky Unemployment Ins. Comm'n,* 85 S.W.3d 621, 624 (Ky. App. 2002).

Willis argues that the circuit court erred in affirming KUIC's decision reversing the initial referee decision and disqualifying Willis from receiving unemployment benefits. Willis contends that KUIC failed to correctly apply the law and that KUIC's finding of misconduct is not supported by substantial evidence.

We address these arguments in turn. The circuit court's opinion focuses solely on whether KUIC's decision was supported by substantial evidence and does not explicitly address any arguments about whether KUIC correctly applied the law. Nonetheless, from our review of the record before us and applicable authority, the circuit court reached the proper result as we discern no error in KUIC's application of the law. *See Mark D. Dean, P.S.C. v. Commonwealth Bank & Trust Co.*, 434 S.W.3d 489, 496 (Ky. 2014) ("If an appellate court is aware of a reason to affirm the lower court's decision, it must do so, even if on different grounds.").

## No Error in Application of Law Regarding Misconduct

KRS 341.370(1)(b) provides that a worker may be disqualified from receiving unemployment benefits if he/she was discharged for misconduct connected with recent work. KRS 341.370(6) defines *misconduct* as including:

"knowing violation of a reasonable and uniformly enforced rule of an employer" and "refusing to obey reasonable instructions[.]"

Willis contends that KUIC improperly failed to assess whether any rule he violated was both reasonable and uniformly enforced, citing *Douthitt v. Kentucky Unemployment Insurance Commission*, 676 S.W.2d 472 (Ky. App. 1984). He argues that Gettelfinger's order for Willis to stay off the interstate "was not reasonable or uniformly enforced as this was the first time Reliable [Express] had directed Steve [Willis] to stay off of the interstate." (Appellant's brief, p. 5.) But KUIC correctly points out in its brief that the basis for the finding of misconduct in its decision was not "violation of a reasonable and uniformly enforced rule of the employer" – instead, it was "violation of a reasonable instruction[.]" (A.R., p. 165.) Thus, KUIC was not required to assess whether any rule of the employer was uniformly enforced, but simply to consider whether the employer's instruction was reasonable.

In arguing that KUIC improperly determined he was disqualified from receiving unemployment benefits due to misconduct, Willis appears to mostly challenge KUIC's findings on factual matters which we address later. But perhaps Willis suggests some legal authority was overlooked or misconstrued by KUIC, as he cites *Cobb v. King Kwik Minit Market, Inc.*, 675 S.W.2d 386 (Ky. 1984), for the

proposition: "Failure of an employee to carry out an illegal order is always a valid excuse for non-compliance." (Appellant's brief, p. 10.)

To the extent that Willis suggests that Gettelfinger's instruction to use State Route 3 and not to use the interstate for his delivery was illegal, he has not pointed to any supporting evidence or legal authority. To the extent that Willis suggests he was discharged for refusing work when he believed that he could not legally work due to limits on truckers' working hours, KUIC did not discuss such allegations in its order despite Willis's testifying to being asked to drive more hours than legally allowed. But KUIC explicitly found that the reason for Willis's discharge was disobeying a reasonable instruction by not taking the route directed by his employer – thus implicitly rejecting Willis's assertion that he was fired for disobeying any illegal order to drive over the allowed hourly limit. In short, there is nothing to indicate that KUIC's decision misconstrued or ignored authority protecting workers from discharge for refusing to follow illegal orders.

Willis also suggests that the circuit court and/or KUIC did not accord sufficient deference to the decision of the initial referee – whose findings were favorable to Willis. The initial referee found, *inter alia*, that Willis had not refused to follow instructions but had simply offered another, reasonable alternative and that Gettelfinger was hostile to Willis.

-11-

Willis cites *Edwards*, 365 S.W.2d at 299, as holding "when the facts are in dispute and the findings of fact by an administrative board are supported by substantial evidence, and the board applies the correct rule of law to the facts so found, its final order must be affirmed." (Reply brief, pp. 2-3.)

Willis seems not to recognize, however, that the initial referee decision was not the final order by the administrative agency being reviewed by the circuit court. Instead, the administrative order under court review was that rendered by KUIC after gathering additional evidence – including Willis's own testimony. KUIC issued its own findings of fact based on the evidence before it – which included testimony and other evidence not presented to the initial referee.[5] So, the circuit court properly focused on whether the factual findings of KUIC, not the factual findings of the initial referee, were supported by substantial evidence. In short, we discern no reversible error in construing the law by either KUIC or the circuit court.

---

[5] As this Court has explained, KUIC proceedings are different from other administrative proceedings. KUIC has the authority to order that a case be remanded to a referee for additional evidentiary hearings and then returned to KUIC to review the evidence and make a decision. Though witness testimony is not generally presented directly to KUIC, KUIC makes its own independent findings of fact and it has the authority to judge the weight and credibility of the evidence and to disagree with a referee's conclusion. *Miller v. Kentucky Unemployment Ins. Comm'n*, 425 S.W.3d 92, 97 (Ky. App. 2013). In short, KUIC is not required to defer to a referee's decision.

-12-

**KUIC Finding that Violation of Employer Instruction Was Reason for Discharge Was Supported by Substantial Evidence**

As Willis points out, the initial referee decision included a finding that the employer had failed to meet its burden of proving that Willis was discharged for misconduct. But upon the employer's appeal, KUIC remanded the matter back to another referee to take additional evidence – including Willis's testimony – and to submit such additional evidence to KUIC for KUIC (not the referee) to determine if Willis was disqualified.

After reviewing all the evidence, KUIC issued its own findings of fact. Unlike the initial referee, KUIC found that Willis's refusal to obey Gettelfinger's instruction was the reason for Willis's discharge.

The circuit court determined that KUIC's finding that Willis was discharged for disobeying a direct order was supported by substantial evidence, noting that Willis did not dispute that he violated his employer's order not to drive on the interstate. We agree with the circuit court that KUIC's finding that Willis was discharged for disobeying his employer's instruction was supported by substantial evidence.

Despite any conflicting evidence (such as Willis's testifying to his belief that Gettelfinger was determined to fire Willis due to refusals to drive over legally allowable hour limits), there was substantial evidence to support KUIC's finding that Willis's refusal to obey instructions about his driving route led to the

-13-

discharge. *See Kentucky Unemployment Ins. Comm'n v. Cecil*, 381 S.W.3d 238, 245-46 (Ky. 2012) ("If there is substantial evidence in the record to support an agency's findings, the findings will be upheld, even though there may be conflicting evidence in the record."). Specifically, Gettelfinger's testimony was substantial evidence supporting the finding that refusal to follow instructions led to the discharge. And so was the taped phone conversation in which Gettelfinger informed Willis he was fired immediately after Willis declined to follow the instruction to take State Route 3 and indicated he would stay on the interstate instead.

A reviewing court must not substitute its own opinion on the credibility of witnesses or the weight of the evidence. *Thompson*, 85 S.W.3d at 624. KUIC, as the fact-finder, had the exclusive authority to judge the credibility of witnesses and the weight of the evidence. *Id.* at 626.

In sum, there is no reason to disturb the KUIC finding that Willis was discharged for refusing to follow Gettelfinger's instruction.

### Circuit Court Correctly Determined that KUIC Finding of Reasonableness of Instruction is Supported by Substantial Evidence

KUIC found that Gettelfinger's instruction to take State Route 3 instead of the interstate on that particular day was reasonable since the employer had authority to set routes to meet its needs and the route was shorter and would reduce fuel costs – consistent with Gettelfinger's testimony. KUIC noted Willis's

-14-

testimony that he believed traveling on State Route 3 would be unsafe and that he felt that Gettelfinger's choosing that route was based on a desire to punish Willis.

KUIC found Gettelfinger to be more credible than Willis. And it found that Willis failed to prove that traveling on State Route 3 presented risks to his safety or that Gettelfinger was trying to punish Willis by directing him to use State Route 3.

As discussed by the circuit court, there was an obvious dispute between Gettelfinger's testimony and Willis's testimony. And KUIC considered both positions but found the reasons articulated by Gettelfinger and Reliable Express more persuasive. Again, neither we nor the circuit court may substitute our judgment on credibility or the weight of the evidence on this factual matter, *Thompson*, 85 S.W.3d at 624, as the fact-finder (KUIC) has the exclusive authority to judge credibility and weight of the evidence. *Id*. at 626. And even though the evidence may have been conflicting, a reviewing court cannot disturb KUIC's finding of fact so long as it is supported by substantial evidence. *Cecil*, 381 S.W.3d at 245-46.

Although we cannot disturb KUIC's finding on reasonableness since it is supported by substantial evidence (such as Gettelfinger's testimony), we do not discount Willis's concerns that ordering a tractor-trailer to travel down a rural highway through many small towns with frequent stops and starts might not

always seem the safest or most expedient way to make deliveries. But we are also aware that Willis indicated in his testimony he did not view travel on State Route 3 in his tractor-trailer as forbidden or illegal – especially since his truck was empty so that weight limitations should not have been a problem. And based upon Willis's testimony and taped conversation with Gettelfinger, Willis told Gettelfinger he had traveled on State Route 3 "years ago" – so KUIC may have reasonably inferred that Willis's knowledge about State Route 3 conditions was not up-to-date.

Other than his testimony about his concerns about driving a tractor-trailer on State Route 3 and his taped comments about it being an old country road, Willis did not introduce evidence about the condition of State Route 3 at the time of the 2009 dispute. Willis told Gettelfinger on the taped phone call that he had been on State Route 3 "years ago." And he has not directed our attention to any additional evidence presented to KUIC about the condition of this road at the time of his 2009 dispute with Gettelfinger.

Precedent from the somewhat similar administrative context of workers' compensation holds that the fact-finder has "the right to believe part of the evidence and disbelieve other parts of the evidence whether it came from the same witness or the same adversary party's total proof." *Caudill v. Maloney's Discount Stores*, 560 S.W.2d 15, 16 (Ky. 1977). In short, we do not believe KUIC

was obligated to accept Willis's opinion that State Route 3 was unsuitable for tractor-trailer traffic – especially in the absence of other evidence about the condition of the road.

KUIC noted in its written order, albeit briefly, that Willis felt that driving the tractor-trailer on a rural highway such as State Route 3 was unsafe. (In its appellee's brief, KUIC also correctly notes that Willis did not explicitly raise safety concerns on his taped phone call with Gettelfinger in May 2009.) The circuit court did not explicitly discuss Willis's testimony about safety concerns in its written opinion. But given that KUIC noted Willis's expressed concerns about safety yet found Willis failed to prove any risk with taking the employer's preferred route, KUIC obviously did not find Willis's testimony persuasive and rejected his argument that the employer's instruction was unreasonable on safety grounds. As we cannot substitute our opinion on credibility or weight of the evidence particularly given the lack of other evidence backing up Willis's testimony on safety concerns, we cannot disturb KUIC's finding that Gettelfinger's instruction was reasonable.

We further decline Willis's invitation to overturn the circuit court's affirmance of the KUIC disqualification decision on the basis of "common sense" – rather than KUIC's assessment of the evidence. Willis quotes *Cantrell v. Kentucky Unemployment Insurance Commission*, 450 S.W.2d 235 (Ky. 1970) (also

an unemployment disqualification case), for the proposition that "common sense must not be a stranger in the house of the law." *Id.* at 237. He argues that common sense indicates that an instruction to drive a tractor-trailer weighing tens of thousands of pounds and with a faulty transmission[6] over a two-lane road is not reasonable nor made in the best interests of the company nor its employees.

As Willis notes, *Cantrell* involved a different ground for disqualification. The Kentucky high court stated in *Cantrell* that it was "inhuman" to hold that the claimant had voluntarily quit her job without good cause and was thus disqualified from receiving unemployment benefits under the facts. *Id.* The claimant had been replaced by the employer while taking time off work to care for her dying husband and found the employer no longer had work to offer her after her husband died. *Id.* at 236.

*Cantrell* did not involve disqualification based on failure to obey reasonable instructions so there was no finding concerning whether instructions were reasonable. Instead, the issue was whether she had quit her job without good cause. In short, *Cantrell* concerned different grounds for disqualification and different facts, so it does not compel a reversal of KUIC's decision here. Mindful

---

[6] Willis asserts in his reply brief that he told Gettelfinger of problems with his truck's transmission, citing to a page of his circuit court complaint. But pleadings – such as his complaint – are not evidence. *Cary v. Pulaski County Fiscal Court*, 420 S.W.3d 500, 509 (Ky. App. 2013). And Willis does not point to any evidence (such as testimony or documents) showing that Gettelfinger knew of any transmission problems.

of our lack of authority to substitute our judgment on weight and credibility of the evidence, we cannot disregard KUIC's properly supported factual findings and decision as defying common sense based on our review of the record.

We also note Willis's assertion that it would have been practically impossible for him to complete the delivery to Shepherdsville, Kentucky without getting on I-65 and his contention that the map he submitted into evidence shows this. Neither the circuit court nor KUIC explicitly discussed any allegations that it would be practically or literally impossible to complete the delivery without getting on the interstate. However, KUIC apparently did not regard Gettelfinger's instruction as impossible to perform since KUIC found it to be reasonable. Based on our review of the map in the record, we cannot say the map compels a finding that it would be totally impossible to travel from Indiana to Shepherdsville, Kentucky without getting on the interstate. For example, nothing indicates that this map covering much of Indiana and Kentucky shows every road in this vicinity.

Willis also contends that KUIC overlooked key facts including Gettelfinger's specific instruction to not take the interstate[7] and that such facts show Gettelfinger's instruction was unreasonably unclear and incomplete. Willis

---

[7] While KUIC did not explicitly discuss a specific instruction to stay off the interstate, it did note that Willis had been directed by Gettelfinger to take State Route 3 and that Willis refused to take the directed route on State 3 and drove to Louisville on the interstate. Though KUIC's discussion of the directions for the delivery was not extremely detailed, KUIC was obviously aware that Willis had been directed to take State Route 3 and that he violated his employer's instructions by taking the interstate instead.

asserts that State Route 3 ends somewhere north of the Indiana-Kentucky border and that Gettelfinger did not instruct him to take an alternate route after State Route 3 came to an end. But regardless of whether State Route 3 eventually terminated north of the Kentucky/Indiana border, even Willis's testimony indicates that Willis understood that Gettelfinger was telling him to take State Route 3 through much of Indiana rather than the interstate and that Willis refused to do so. And Willis has not pointed to any evidence that he asked Gettelfinger for clarification about his driving route instructions once State Route 3 ended.

Despite Willis's challenges to the merits of KUIC's factual findings, reviewing courts do not have the authority to make their own factual findings. *Piper v. Singer Co., Inc.*, 663 S.W.2d 761, 763 (Ky. App. 1984). Instead, courts must simply assess whether KUIC's factual findings are supported by substantial evidence. *Thompson*, 85 S.W.3d at 624. As KUIC's factual findings are supported by substantial evidence, neither we nor the circuit court may disturb them.

In sum, since KUIC's factual findings are supported by substantial evidence and it correctly applied the law, the circuit court did not err in affirming KUIC's decision. *Id*. Further arguments in the briefs which are not discussed herein have been determined to lack merit or relevancy to our resolution of this appeal.

-20-

## CONCLUSION

For the foregoing reasons, the judgment of the Jefferson Circuit Court is hereby **AFFIRMED**.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Stephen S. Willis, *pro se*
Louisville, Kentucky

BRIEF FOR APPELLEE
KENTUCKY UNEMPLOYMENT
INSURANCE COMMISSION:

Joshua R. Hurley
Frankfort, Kentucky